CASE 101—ACTION TO RECOVER DAMAGES FOR INJURY TO PROPERTY—
     · OCT. 31.

# City of Louisville v. Norris.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.     AFFIRMED.

MUNICIPAL CORPORATIONS—NEGLIGENT CONSTRUCTION OF SEWER—NOTICE OF DEFECT.

Held: 1. A city is liable for injury to property resulting from the construction of a sewer according to a plan which is palpably bad, though the execution of the plan may have been skillful.
2. In an action against a city to recover damages for injury to property from the negligent construction of a sewer, it was proper to instruct the jury that "when the city undertakes to construct a sewer it is its duty to exercise ordinary care and skill to keep it in condition to carry off the water collected thereby from such rainfalls as may be reasonably expected to occur in the neighborhood to be drained by such sewer."

3. Where the initial construction of a sewer by a city is manifestly defective, notice to the city of the defect is not a prerequisite to its liability for injury to property resulting therefrom.

4. The right of action against a city for injury from the flooding of property by the negligent construction of a sewer accrues when the property is flooded, and limitation runs only from that date.

H. L. STONE, City Attorney, for appellant.

This action was brought by appellee October 27, 1897, to recover damages alleged to have occurred July 10, 1897, to appellee's two-story frame dwelling house, on a lot fronting 25 feet on Breckinridge street, at the northwest corner of Rubel and Breckinridge streets, extending back 200 feet in depth, by reason of being flooded by surface water from the rainfall on the date mentioned, alleging in his petition that appellant constructed Rubel and Breckinridge streets in a negligent and improper manner so as to cause the injury complained of; that the city constructed a sewer for the purpose of draining the water from said streets in such a negligent and careless manner that it would not carry off the surface water from the rain that fell on July 10, 1897, and thereby flooding and injuring his house and premises, weakening the foundation, displaced the house and chimneys, destroyed the plaster and paper and rendered the house insecure and dangerous to live in as a dwelling, causing him much personal inconvenience and loss of time to his damage altogether in the sum of $2,000.

The appellant, in the first paragraph of its answer, denied all the material allegations of the petition, and in the second paragraph alleged that the sewer complained of was constructed more than five years before July 10, 1897, and pleaded and relied on the statute of limitations in bar of any recovery.

The third paragraph pleaded the statute of six months limitation embodied in section 267 of the act of July 1, 1893.

The fourth paragraph pleaded contributory negligence of the appellee at the time and place mentioned.

A demurrer was sustained to the second and third paragraphs and a reply filed to the fourth paragraph. On the trial before a jury, appellee was given damages in the sum of $500, and appellant's motion for a new trial having been filed and overruled, this appeal is prosecuted by the city.

1. Appellant claims that the petition of appellee as amended does not state a cause of action and the demurrer thereto should have been sustained.

City of Louisville v. Norris.

2. The peremptory instruction to the jury to find for appellant should have been given.

3. The court erred in sustaining the demurrer of appellee to the second paragraph of appellant's answer pleading the five years' statute of limitation.

4. The court erred to the prejudice of appellant in not sending the jury in charge of the sheriff to inspect the premises of appellee.

### AUTHORITIES CITED.

Johnson v. District of Columbia, 118 U. S., 19; Merrifield v. Worcester, 110 Mass., 216; Collins v. Philadelphia, 93 Pa. St., 272; Bear v. Allentown, 148 Pa. St., 80; Smith v. Gould, 61 Wis., 31; Champion v. Crandon, 84 Wis., 405; Dillon on Mun. Corp., sec. 1025; Tiedeman on Mun. Corp., sec. 350a; Thomas v. City of Covington, 23 R., 117; City of Henderson v. McClain, 19 R., 1450; City of Mt. Sterling v. Jephson, 21 R., 1028.

SAMUEL B. KIRBY FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Duty and Liability of Cities. "When the duty to keep streets (and sewers) in repair is devolved upon a municipal corporation, and the power is conferred upon it to raise money for that purpose, it is liable in civil actions for special injury resulting from neglect to perform this duty." Sewers: Town of Irvin v. Wagers, 9 Ky. Law Rep., 51; McArthur v. City of Dayton, 19 Ky. Law Rep., 882; Rowe v. Portsmouth, 56 N. H., 291; McClure v. Red Wing, 28 Minn., 194; Barton v. City of Syracuse, 36 N. Y., 54; Hitchings v. Frostburg, 68 Md., 100; City of Evansville v. Decker, 84 Ind., 325.

2. Statutory Duty as to Sewers, etc. Appellant required to construct and repair streets and sewers, and authorized to levy a tax for that purpose. Kentucky Statutes, sec. 2981.

3. Legislative or Ministerial Act. "It has been held that in adopting the general plan of an improvement, a municipality performs a legislative duty, whereas the manner of executing it is a ministerial one. . . . But having determined these matters and having decided it expedient to obstruct the natural channel of these waters, and to divert them into another artificial channel, then, in executing and carrying this out, including the construction of the sewer and *fixing upon its size or capacity*, they were exercising purely ministerial duties, in the performance of which they are held to the exercise of *reasonable care*." McClure v. Red Wing, 28 Minn., 194; Bar-

ton v. City of Syracuse, 36 N. Y., 54; Rowe v. Portsmouth, 56 N. H., 291.

4. Question of Notice.   "It is also insisted that the recovery is erroneous because there was no proof of notice to the corporation of the need of repair before the injury complained of occurred.   Such notice, however, was not necessary in this case. The injury here resulted from an omission of duty—a neglect to do an act which it was incumbent on the defendant to perform, etc."   Barton v. City of Syracuse, 36 N. Y., page 54.

5. Limitation of Six Months.   Held to be unconstitutional in the following cases.   City of Louisville v. O'Malley, 21 Ky. Law Rep., 873; Louisville v. Kuntz, 20 Ky. Law Rep., 805; Louisville v. McGill, 21 Rep., 718.

6. Limitation of Five Years.   "It is well settled that the city was under obligations to exercise reasonable care in discharging the filth gathered into its sewer, and when the escape for this fifth was stopped up, it was its duty to provide another. It could no more empty this foul matter by its sewer on appellee's property than it could have transported and dumped it there with teams.   *Appellee was not required to sue until she was injured.*   This is not one of the class of cases to which the five years' statute applies.   (Wood on Nuisances, secs. 385 and 865.)"   City of Louisville v. O'Malley, 21 Ky. Law Rep., 873.

7. Rainfall, Question for Jury.   "This, however, was a *question of fact for the jury*, and we are not able to say that a rainfall of 2.1 inches was such an extraordinary occurrence that a city in constructing its public works was not bound to anticipate." Peoria v. Eisler, 62 Ill. App., page 26.


OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

This is an action to recover of the city for the negligent construction of certain sewers, by reason of which appellee's property was flooded and damaged.   The questions are:     (1) Is the building of sewers by a city a legislative act, for which it will not be liable, even if it be an imprudent one?     (2) Does the five-year statute of limitation of this State apply from the date of the construction or from the date the injury is received?

1.   Generally, a city will not be liable for error of judgment in its legislative body in doing a legislative act.

Whether a necessity for a given improvement of a high-way exists is clearly one for the legislative departments of the city to decide; also the character of the improvement is within the legislative discretion, subject to the qualification that the plan adopted must be one not so palpably inefficient as to indicate want of care, or to imply a failure to exercise judgment by the city governing body.  So, when a municipality determines to change the natural order of things, by altering the surface drainage, and collecting it into artificial channels, it can not fail to use ordinary good judgment in adopting the plan of the work, without liability to any injured thereby.  If the plan adopted is palpably bad, it will not excuse the city from resulting damage to private property to show that the execution of the plan was skillful. Gould v. City of Topeka, 32 Kan., 485 (4 Pac., 822) (49 Am. Rep., 496); McClure v. City of Red Wing, 28 Minn., 194 (9 N. W., 767); Teager v. City of Flemingsburg 109 Ky., 746 (22 Ky. Law Rep., 1442) (60 S. W., 718).  On this point the trial court instructed the jury thus:   "When the city undertakes to construct a sewer, it is its duty to exercise ordinary care and skill to keep it in condition to carry off the water collected thereby from such rainfalls as may be reasonably expected to occur in the neighborhood to be drained by such sewer."   This application of the law on that subject is approved.

Appellant claims that, to be liable, the city must have had notice of the defects in the plan adopted by it, and that this notice should have been in the form of complaint by property owners after the defect had become apparent by experiment; in other words, that the city would not be liable for the first instance of damage, however heavy.   The doctrine of notice invoked doubtless is that

applying to cases where an improvement was properly made, but had afterwards become insufficient from accident, or sudden and unexpected change, without the knowledge of the city. But, where the initial construction is manifestly deficient for the purposes intended, that is, in the language of the instruction given, was not such as "ordinary care and skill" would suggest in order to "carry off the water collected from such rainfalls as may be reasonably expected to occur in that neighborhood,"—notice need not be given the city. One must take notice of his own lack of care, and can not rely upon being first warned of the dangers it threatens. Barton v. City of Syracuse, 36 N. Y., 54.

2. It being settled that the liability imposed under the foregoing was for the wrongful or negligent act of the city, constituting a nuisance (Wood, Nuis. section 385), the complaining lot owner was not compelled to sue till the damage had been done. His action was for damages sustained at the date of the flooding of his property. Limitation should date from that event. City of Louisville v. O'Mally (21 Ky. Law Rep., 873) (53 S. W., 287).

The judgment is affirmed.