## Chicago, St. Louis & New Orleans Railroad Company and Illinois Central Railroad Company v. Hoover.

### (Decided February 14, 1912.)

### Appeal from Ohio Circuit Court.

Railroads—Interference With Natural Flow of Water—Injury to Lands —Instructions.—In an action against a railroad company for injury to land caused by the obstruction of a stream resulting in overflow of the land, the petition alleged that the damages were temporary and a recovery was sought for such damages as had occurred within five years next before the filing of the petition. Held, That the court below erred in not giving to the jury any criterion by which they might measure the damages. The instruction upon this point told the jury that if they believed the obstruction had caused the injury, they should find for the plaintiff such damages as his land had sustained thereby, not exceeding the amount claimed in the petition, but it should have gone further and advised the jury what measure of damage, if any, the plaintiff is entitled to, so that the jury might apply this measure of damages to the evidence and thus arrive at the sum that should be awarded.

H. P. TAYLOR, C. L. SIVELEY, TRABUE, DOOLAN & COX for appellants.

W. H. BARNES and S. A. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Louis Hoover brought this action in the Ohio Circuit Court, charging that the bridge or trestle of the appellants, as well as debris accumulated under it, had so interfered with the natural flow of the waters of Muddy Creek and another stream as to divert them across his lands, with consequent injury. He alleged in his petition that the damages were temporary and not permanent, and that he sought a recovery only for such injuries and damages as had occurred within five years next before the filing of his petition. The defendants answered. The first paragraph was a traverse of the petition, including a traverse of the allegation that the injuries were temporary. The second paragraph plead that the injuries were the result of plaintiff's negligence. The third paragraph plead the five year statute of limitation. The fourth paragraph attempted to take the position that the use of the bridge in the manner in which it had been used, for more than fifteen years, had resulted in a prescriptive right thus to use it. The allegations of the answer were, by consent, traversed of record. A jury trial was had resulting in a verdict and judgment for $600 in the plaintiff's favor. From that judgment this appeal is prosecuted.

Upon the trial plaintiff introduced testimony both of

temporary and permanent damage. That is to say, the questions predicated along the line indicated in the case of Illinois Central Railroad Co. v. Smith, 110 Ky., 203, were addressed: First, to show the diminished rental value of the lands, the criterion in case of temporary injury, where, as in this case, the owner was renting out his land, and, second, to show the diminished marketable value of the lands owing to the injury. While complaint is made of the testimony in this dual aspect, we find no error in it. This court, in the case of Louisville & Nashville Railroad Co. v. Whitsell, 125 Ky., 433, held that the jury should properly say in their verdict, under an instruction by the court, whether the damage was temporary or permanent. The jury of necessity could not find a proper verdict as to the amount of the temporary or permanent damage, as it might find the one or the other to exist, unless there was before the jury evidence upon which they might say the amount of the damage due, upon the one hand to the temporary injury, or upon the other hand to the permanent injury, as they might find from the evidence the injury to be temporary or permanent. In the case at bar the defendants asked and the court gave an instruction requiring the jury to say in the verdict whether the injury was temporary or permanent; and the jury said it was permanent. In this respect the trial court committed no error.

The court, however, erred in not giving to the jury any criterion by which they might measure the damages. By instruction No. 1 the court told the jury that if they believed that the obstruction had caused the injury, they should find for the plaintiff "such damages as his land sustained thereby, not exceeding the amount claimed in the petition." This instruction was well enough as far as it went; but it did not go far enough. A practically similar instruction was given in the trial court and disapproved as insufficient in this court in the case of Louisville, Henderson & St. Louis Railway Co. v. Roberts, 144 Ky., 820. In this case it was said:

"This instruction did not give the jury any guide to go by in estimating the damages that should be allowed appellee. It simply told them that if they believed his farm was damaged, to find a verdict for the amount of the damage. In all cases in which it is sought to recover damages, whether the action be in tort or in contract, the instructions should inform the jury what measure of damage, if any, the plaintiff is entitled to, so that

the jury may apply this measure of damage to the evidence and thus arrive at the sum that should be awarded. Or, to state it differently, certain principles of law have been established defining the measure of damages to which a person injured by a wrongful act or a breach of contract is entitled to recover and these principles of law are intended to and should be given to the jury in the form of instructions, so that when the jury comes to pass upon the amount to be awarded they may look to the instructions and see what the law allows the injured party to recover. If the jury is not thus advised as to the law of the case they have no rule or guide by which to compute or ascertain the sum that should be assessed, and may assess the damage at a much greater or smaller sum than the complainant is entitled under the law to recover."

In the case at bar there was a question as to whether the injury was temporary or permanent. The court should have followed the first instruction given, by instructions 2, 3 and 4, which should be in substance in the following language:

"2. The jury will say in their verdict whether they award damages, if they award any, for a permanent or for a temporary injury.

"3. If the jury believe from the evidence that the bridge and obstructions made by defendants, if any there be, that cause, if they do so cause, the water to be diverted onto plaintiff's land as set out in instruction No. 1, was or were intended to be, and is or are permanent, and the cause that produces the overflow can not be remedied at a reasonable expense, then the measure of damage that the plaintiff is entitled to recover is the diminution, if any, in the market value of his land, caused by the diversion of the water thereon, if any.

"4. On the other hand, if said bridge or obstructions, if any, are or were only intended for temporary purposes, or the cause that produced the overflow, if any, can be remedied or removed at a reasonable expense, then the measure of damage to which the plaintiff is entitled, if any, is the diminution in the rental value of the property, caused by the overflow, if any, up to the filing of the petition herein, to-wit, April 23, 1910.

To these instructions should be added instructions No. 5, 6 and 7, as follows:

"5. The court instructs the jury that if they find for the plaintiff at all, they can not find for him for any dam-

age which he suffered at any time prior to the 23rd day of April, A. D., 1905; and the only damages for which he may recover since said date, are such damages, if any, as must have resulted from changes occurring since said date in the conditions at the place named by plaintiff.

"6. The court further instructs the jury that if they believe from the evidence that the bridge and embankment of which the plaintiff complains were so constructed by the defendants and so kept by them as to render same adequate to carry off the water that accumulated on plaintiff's land from usual and ordinary rainfalls and floods in that vicinity they will find for the defendants; or if they believe from the evidence that the overflow or damage to plaintiff's land, if any, was caused by extraordinary rains or floods, such as were of unusual occurrence in that vicinity and could not have been anticipated by persons of ordinary experience and prudence, they will find for the defendants; or if they believe from the evidence that Muddy Creek became obstructed below the point where the bridge of the defendants is built across it and that such lower obstruction, if any, caused the damage to plaintiff's land complained of by him, they will find for the defendants.

"7. Nine or any greater number of jurors concurring may make a verdict. If the entire twelve concur in a verdict it will be signed by only one of them; but if less than twelve concur, then those concurring in the verdict shall sign same."

The court will give the jury no other instructions than instruction No. 1 given upon the former trial and instructions 2 to 7, inclusive, as herein set out.

It is only necessary to say that we do not decide the question of whether any privilege would arise upon fifteen years' adverse use, as claimed by defendants, as that question is not before us under the facts of this case.

For the reasons given the judgment of the trial court is reversed for a new trial consistent herewith.