## Illinois Central Railroad Company v. Doss.

(Decided May 15, 1914.)

### Appeal from Muhlenberg Circuit Court.

1. Damages—Action Against Railroad for Injury to Crops and Land Caused by Obstruction of Stream—Surface Waters.—In an action against a railroad company for damage for loss of crops and for permanent injury to land occasioned by its obstruction of a stream, evidence examined and held to sustain a verdict of $700.00 for temporary damage.

2. Damages—Action Against a Railroad for Obstruction of Stream—Injury to Crops—Evidence.—In an action against a railroad company for damage for lost crops growing out of an obstruction of a stream, evidence of injury to other crops on adjoining land, and that such injury was not caused by defendant was not competent and was properly rejected.

TRABUE, DOOLAN & COX, TAYLOR & EAVES, S. LYMAN BARBER, BROWDER & BROWDER and C. L. SIVLEY for appellant.

HUBERT MEREDITH, DOYLE WILLIS and W. J. ROSS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellee is the owner of a tract of land on which he resides, and which is bordered on the South by appellant's right of way. The natural flow of water accumulating on this farm is South toward the railroad. The railroad track at this point is constructed on a fill four or five feet high along the border of appellee's property. As originally constructed there was left in the fill two open culverts; one at a point near where two small streams converge on appellee's land, and another

about 600 yards further West near where appellee's land joins that of one Bridges. The two culverts were connected by a ditch along the North side of the right of way which in times of heavy rains aided in conducting the water from the East culvert to the West, the East culvert being upon a higher elevation than the West.

This is an action by appellee for damages, wherein he alleges that these outlets for the water were negligently filled in and obstructed with dirt, sand, timber, stone, and other obstructions to such an extent as to leave an insufficient place for the water to pass through, and causing the same to dam up and flow back over and stand upon the farming lands of plaintiff; and he further alleges that by reason of the construction of a switch track the ditch which formerly aided in carrying off the water had been obstructed and the natural flow of the water through the same from the East to the West culvert had been obstructed. He prays for damages for lost crops and for permanent injury to his land.

The defendant answered traversing the material allegations of the petition and setting up other defenses which are not now relied upon.

The jury in the lower court found a verdict for the plaintiff for $700 for temporary damage growing out of crops destroyed, and did not mention in its verdict any permanent injury to plaintiff's land, and from a judgment on that verdict this appeal is taken.

It is first contended that the verdict for temporary damage is not sustained by the evidence. It is in evidence by several witnesses that these culverts some two or three years before the trial had been changed by the company into what is called surface or ballast bridges, and that since the change the space for the escape of the water was not as great as it had been. It also appears that the space under these bridges was obstructed by old piles, which were not used in bracing the bridge, and that there was an accumulation of rock, sand, dirt and other debris which had washed against these piles; it is also shown that by the construction of the switch the ditch running from the East to the West culvert had been obstructed, and had been permitted to fill in until its depth was not as great as it had been.

Clearly such obstructions as these might have been removed at a reasonable expense, and the jury seemed

to have been fully justified in finding the temporary damage.

Appellant complained that on the trial appellee was permitted to testify from a written memorandum which he at the time had; the witness stated that this memorandum was taken from his little books of account which he kept about his farm transactions, and that he had previously made it out so that he would not overlook any of the items going back over a period of five years; but it is unnecessary to go into this trivial matter, for the appellant's attorneys themselves were permitted to examine this memorandum, and offered it in evidence themselves.

The appellant complains that the lower court refused it the right to offer evidence that crops on other lands in the immediate vicinity of appellee's land and adjoining it were destroyed by water during the year which appellee claimed such damage, and that such destruction was not caused by any act of the appellant. Clearly it would not be proper to go into these collateral issues; it would involve evidence showing that the situation and elevation of the different tracts of land were the same; that the elevation of the railroad tracks adjoining the other property was the same; that the outlets for the water flowing from such other tracts of land were the same, and it would be an endless matter to try such a suit if all these things were gone into.

The instructions given in this case followed closely the ones laid down in a very similar case of C. St. L. & N. O. R. R. Co. v. Hoover, 147 Ky., 33, and are unobjectionable. The two instructions offered by appellant are in substance given in better language by the court.

On the whole case we see no prejudicial error, and the judgment is affirmed.