## City of Lexington v. Henderson.

(Decided May 21, 1918.)

### Appeal from Fayette Circuit Court.

Waters and Water Courses—Surface Water—Damages.—Plaintiff sought damages sustained to his property on account of overflows produced by the wrongful and negligent construction of an alley upon which his property abutted. He recovered a judgment for $1,000.00 and on appeal it is insisted that the overflows complained of were produced by unusual, extraordinary and unprecedented rains which the city was not required to anticipate and guard against, but the proof shows that the rains producing the complained-of floods occurred two or three times per year, and while they might have been extraordinary they could not in any sense be regarded as unusual, for one is charged with the duty to anticipate and guard against a rainfall which occurs as much as two or three times per year, howsoever extraordinary it may be.

JAMES G. DENNY and J. EMBRY ALLEN for appellant.

RIVES & SHANNON and W. P. KIMBALL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Henderson, by this proceeding sought a judgment against the appellant, city of Lexington, for the sum of $5,000.00, which he claims was the extent of the damage to his property abutting on Ayers Alley in that city, and which was caused by the city improperly, negligently and carelessly improving the alley and failing to provide sufficient catch basins and drainage to carry off the accumulated water, and failed to properly provide against an increased volume of water flowing into the alley, by reason of which his abutting

premises were caused to be overflowed and damaged. His right to recover was resisted by appropriate pleadings, and upon trial the jury returned a verdict in appellee's favor for the sum of $1,000.00, upon which judgment was rendered, and to reverse it the city prosecutes this appeal.

A number of minor errors are relied upon in the motion for a new trial, but they all appear to be abandoned upon this appeal except the one insisted upon in brief for the city that the verdict is flagrantly against the evidence. Much of the alleged incompetent testimony was not objected to, and the instructions given to the jury were prepared by the attorney for the city, with the exception of two of them, and no exceptions were taken to the giving of those, so that the only question in the case as argued here, is whether the verdict is flagrantly against the evidence, and this contention is narrowed to the point that the evidence is insufficient to show that the rains which produced the overflows complained of were not usual and ordinary ones, but on the contrary were unusual and extraordinary. It is not claimed that the plaintiff's premises were not overflowed because of the character of the improvement done to Ayers' Alley, but if it were so claimed, the evidence is overwhelming that the property has been made to overflow each year some two or three times since the improvement was made in 1912, and that none such occurred prior to that time, or, if any, it was very slight and insignificant. It is shown that the surface of the alley before the improvement was from four to six inches below the door entering plaintiff's house, and below its ground floor, and that since the construction the surface of the alley is some six inches above the door and floor; that on account of the insufficiency of the catch basin at the mouth of the alley where it enters into Main street a large part of the water coming down that street from both directions is made to flow through the alley, and that at the lower end of it, it being a *cul de sac,* there is but one catch basin and it is entirely insufficient to carry away the water flowing into the alley. The testimony is abundantly sufficient to show the damages to be as much or more than the amount of the verdict.

Upon the point chiefly urged upon this appeal, viz.. that the overflows complained of were produced not by ordinary and usual rains, but by extraordinary and un-

usual ones, it is the law that this character of damage must be produced by overflows from usual and ordinary rains, since the defendant is not required under the law to anticipate and guard against the effects and consequences of unusual and extraordinary rains. L. & N. R. R. Co. v. Conn., 166 Ky. 327; Same v. Same, 179 Ky. 478, and cases therein referred to. The rule as stated in the first opinion, *supra,* and adopted by the second one, is that:

"It is the well settled rule in this state that one who constructs a bridge over a stream is liable only in the event that the bridge obstructs the passage of water that accumulates from such ordinary and usual rainfalls in the vicinity as might have been anticipated by persons of ordinary prudence and experience. He is not liable for damages flowing out of overflows which were caused by extraordinary rains or floods, i. e., such floods or rains as are of such unusual occurrence in the vicinity that they could not have been anticipated by persons of ordinary experience and prudence. C., St. L. & N. O. R. Co. v. Hoover, 147 Ky. 37; Southern Ry. Co. v. A. M. E. Church's Trustee of Harrodsburg, 121 S. W 972; Wallingford v Maysville & B. S. R. Co, 107 S. W. 282."

The rule is necessarily the same when applied to structures producing overflows in other ways than the damming of streams, as was the case from which we have quoted, and the same character of rains to be anticipated by the defendant in the one case must also be anticipated and guarded against in the other, and it necessarily follows that if a rain is so unusual and extraordinary as to relieve the defendant in the one case from responsibility for the damages produced, the same fact would relieve him in the other case. In the instant case, however, the great preponderance of the testimony shows that the complained-of floods occurred from three to four times each year since the alley was improved. This would seem to indicate that the rainfall producing them may have been extraordinary, but it was by no means unusual, and that an appropriate description of them would be "a usual, extraordinary rainfall." Under the authorities, *supra,* the law does not relieve the defendant from the consequences of that character of rainfall, for, as said in the last opinion in the Conn. Case, *supra,* "We then have additional testi-

mony . . . that such rains (as produced the flood complained of) occur every two or three years, and they can not therefore be considered unusual or unprecedented.'' If a rainfall occurring only every two or three years is not such an unusual or extraordinary one as to relieve the defendant from liability for the damages produced *a fortiori* would one occurring two or three times a year not be an unusual or extraordinary one so as to relieve him, and there is therefore no room for the contention made in behalf of the city that the verdict is flagrantly against the evidence.

The court properly overruled the motion for a new trial, and its judgment is affirmed.