# Chesapeake & Ohio Railway Company v. Coleman.

(Decided April 22, 1919.)

## Appeal from Pike Circuit Court.

1. Waters and Water Courses—Overflowing Land—Excessive Damages.—In an action against a railroad for diverting a water course, causing it to overflow plaintiff's land, a verdict of $500.00 damages held excessive in view of the vague and uncertain character of the evidence as to the extent of the damage.

2. Waters and Water Courses—Action for Damages—Trial—Questions for Jury.—In an action against a railroad to recover damages resulting from an overflow, caused by an insufficient drain box, statements of the defendant's engineers that the box was permanent were mere conclusions and were not sufficient to make the question of permanent nuisance one for the jury, where the character and location of the box, and all the surrounding conditions, showed that the nuisance could be readily abated at a reasonable expense.

WORTHINGTON, COCHRAN & BROWNING and M. C. KIRK for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, H. H. Coleman, brought this suit against the Chesapeake & Ohio Railway Company to recover damages to his land, caused by overflow. From a verdict and judgment in his favor for $500.00, the railway company appeals.

The first error assigned for a reversal is that the damages are excessive.

Plaintiff is the owner of a tract of land consisting of about 150 acres, and worth $700.00 or $800.00. The company constructed a line of railroad through this tract, leaving a strip of some six acres between its road bed and Marrowbone creek.

Upon this six acres plaintiff lived and conducted a storehouse. Just above plaintiff's land was a small drain, across which the railroad is constructed. To permit the water from the drain to pass under the road bed, the company constructed a small wooden box, four feet broad, eight feet long and eighteen inches deep, which it placed under the road bed. On several occasions when the water was high, debris would accumulate in the box and the water would pass over the company's tracks and

flood plaintiff's land. A portion of the land was used for grass and corn, while other portions were used for potatoes and other garden truck. Plaintiff testified that the water stood on the land until it killed the roots of the corn and the corn did not bring anything for a season or two. In the spring season the water would bake the land so hard that he couldn't break it up except in large clods. The water stood over his garden and ruined it, and injured some of his potatoes. It spread out over his land and ran under his house so that it was necessary for him to wade in order to get to the storehouse and to the lower end of his land. Other witnesses testified to seeing the water on plaintiff's land. Neither plaintiff nor any of his witnesses gave to the jury any estimate of the amount of damage, or stated facts from which the jury could estimate the damage. While plaintiff said that his garden was ruined and his corn was injured, he did not give the size or value of his crops, or the extent of the injury. All that the evidence shows is that the water sometimes overflowed and stood on his land, thus making it inconvenient for him to walk around, and that certain crops of unknown extent and unknown value were injured. That being true, the evidence of the extent of the damage is too vague and uncertain to support a verdict of $500.00. Hence we conclude that the verdict is excessive.

It is further insisted that the court erred in not submitting to the jury the question whether the nuisance was temporary or permanent, and in not giving the measure of damages applicable to each kind of nuisance. The test is, could the nuisance have been readily abated at a reasonable expense? If so, it was temporary; if not, it was permanent. The character and location of the box, as well as the surrounding conditions, show that it could have been readily removed at a small expense. The company's engineers did not undertake to show that this was not the case. They only stated that the box was permanent. Under the circumstances, their statements were mere conclusions and were not sufficient to make the question of permanent nuisance one for the jury. It follows that the court did not err in treating the nuisance as temporary, and giving the measure of damages applicable to such a nuisance.

Judgment reversed and cause remanded for a new trial consistent with this opinion.