# Elkhorn & Beaver Valley Railway Co., et al. v. Floyd County.

(Decided October 5, 1920.)

## Appeal from Floyd Circuit Court.

1. Highways—Injury to Road—Damages.—In an action for damages for an injury to a road and for a failure properly to construct a ford, evidence examined and held that a verdict of $2,000.00 was excessive.

2. Highways—Damages—County Not Entitled to Damages for Appropriation of a Road Where It Accepts a New Road in Lieu of the Old.—Where a railroad company appropriated a county road and constructed a new road, which was formally accepted by the county in lieu of the old, the county was not entitled to damages for the appropriation of the old road.

3. Highways—Injury to Road—Measure of Damages.—For injury to a road the measure of damages is the reasonable cost of restoring it to its former condition.

4. Highways—Improper Construction of Ford—Measure of Damages.—Where a railroad company appropriates an old ford and improperly builds a new ford in lieu thereof, the measure of damages is the reasonable cost of making the ford reasonably safe and convenient for the purpose for which it was used.

KIRK & KIRK and WORTHINGTON, COCHRAN & BROWNING for appellants.

WILLIAM DINGUS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

During the year 1913 the Elkhorn & Beaver Valley Railway Company was engaged in the construction of a line of railway up Beaver creek in Floyd county. During such construction it became necessary for the company to appropriate a ford across Beaver creek and a certain portion of the county road, and in lieu thereof the company constructed a new road and a new ford. The new road was formally accepted by an order of the county court, but it does not appear that the new ford was accepted. Afterwards the company, in constructing its railway, undermined and injured a portion of the new road which it had built, and there is evidence that the new ford was not reasonably safe for public travel. Subsequently the new line of railway was leased to the Chespeake & Ohio Railway Company.

This suit was brought by Floyd county to recover damages. From a verdict and judgment in its favor for $2,000.00 the railway companies appeal.

In its instructions to the jury the court fixed the measure of damages as "the cost it would be to construct a road or remove the obstructions placed in said road and make the same in as good condition as it was before." The only evidence as to the damage sustained by the county is as follows: Willie Hays testified that he rebuilt that part of the road that caved in, and was paid therefor the sum of $160.00. B. C. May, who was then county judge, testified that the county expended about $200.00 in repairing that portion of the road that caved in. He also stated that it would cost between $500.00 and $600.00 to place the ford in proper shape, but an objection was sustained to the latter statement because the witness did not qualify himself to speak on the subject. The only other evidence as to the amount of the damage was that of a witness for defendant, who testified that the total cost of constructing the ford would not exceed $36.00. True, other witnesses described the condition of the road and of the ford, but they did not state any facts from which the jury could estimate the damage. In view of this evidence it is clear that the verdict of $2,000.00 is excessive. Chesapeake & Ohio Ry. Co. v. Coleman, 184 Ky. 9, 210 S. W. 947.

In view of another trial we deem it necessary to add that the circuit court properly ruled that inasmuch as the new road constructed by the Elkhorn & Beaver Valley Railway Company was formally accepted by the county in lieu of the old road, the county was not entitled to any damages for the appropriation of the old road. We further conclude that the measure of damages for the injury to the new road is the reasonable cost of restoring it to the condition it was in when accepted by the county, and if the ford was not properly constructed, the measure of damages is the reasonable cost of making it reasonably safe and convenient for the purposes for which it was used.

Judgment reversed and cause remanded for a new trial consistent with this opinion.