## Chesapeake & Ohio Railway Company v. Rice.

(Decided November 4, 1927.)

### Appeal from Floyd Circuit Court.

Waters and Water Courses.—Where a landowner sued a railway company because a ditch which the company had constructed along its right of way was not of sufficient size for proper drainage, and frequently was a drain obstruction, so that water stood on the plaintiff's land, a verdict of $500 held excessive, because of the vagueness and uncertainty of the evidence supporting it.

BROWNING & REED, KIRK, KIRK & WELLS and B. F. COMBS for appellant.

J. B. CLARKE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellees are the owners of a house and lot in Johnson county, Ky.; the appellee Susan Rice being the owner of a life estate in the property, and her daughter, the appellee Missouri Johnson, being the owner of the remainder interest therein. The property abuts upon appellant's right of way. Appellees instituted this action to recover damages resulting from changes in the natural flow of water alleged to have been made by appellant and, upon a trial before a jury, they were awarded damages in the sum of $500.

Appellees alleged in their petition that water which formerly flowed in an opposite direction had been diverted into a ditch constructed by appellant along its right of way, and that in times of ordinary rainfall water flowed and stood upon their property; the ditch not being of sufficient size to carry it off. It was further alleged that this condition had been aggravated by the negligence of appellant in permitting the ditch to become obstructed.

The only ground relied on for a reversal is that the verdict is excessive; there not being sufficient evidence to support it.

We have carefully examined the record, and have been unable to find any facts stated by any witness from which the jury could estimate the damage. Samp Johnson, the husband of appellee, Missouri Johnson, testified that the property had a market value of $3,000 immediately before the condition complained of arose, and that, while that condition existed, he did not consider the property of any value. He and the appellees continued to live in the house, and he admitted that the cause which produced the overflow had been remedied. He stated that, after each rain, mud and debris were left in the yard, and that the flowers and fruit trees on the lot had been killed. Neither he nor any other witness gave any estimate of the value of the property destroyed, or any estimate of the diminution in the value of the use of the property, caused by the overflow. It was not shown how frequently water overflowed the property nor how long it remained thereon. The jury had before them no facts authorizing the verdict returned, and any verdict for more than nominal damages must necessarily have resulted from guesswork.

The facts in this case are very similar to those in Chesapeake & Ohio R. Co. v. Coleman, 184 Ky. 9, 210 S. W. 947, where a verdict of $500 was held to be excessive; the evidence of the extent of the damage being too vague and uncertain to support it.

In instruction B, given by the trial court, the jury were given the measure of damages, in the event they found the cause that produced the overflow was permanent and could not be remedied at a reasonable expense. The evidence discloses that the cause that produced the overflow was temporary, and on another trial, if the evidence on this point is substantially the same, the court will omit instruction B.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.