## Seay et al. v. City of Louisville.

(Decided April 30, 1935.)

ARTHUR E. HOPKINS and H. B. FINN for appellants.

MARK BEAUCHAMP and WILSON W. WYATT for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellants brought this suit in the Jefferson circuit court to recover damages from the city of Louisville for injuries to their house and lot.

Plaintiffs allege in substance that they were the owners of a house and lot on the north side of Clarks' lane between Delor avenue and Keswick boulevard in Louisville, and that the city constructed streets, alleys, and sewers and established grades of same so that a large portion of surface water was improperly drained into the sewer to be carried off; that the city was negligent in constructing the sewers, streets, and drainage openings and by reason thereof the surface water drainage was defective and insufficient to carry off the surface drainage, and by reason of such defective drainage and negligence of the city the plaintiffs' property was damaged to the extent of $4,000, which sum they prayed to recover.

The city filed its answer in five paragraphs, the first of which traversed all the material allegations of the petition.

Paragraph II alleged that in the year 1919 the War Department of the United States, through its Army engineers, built and constructed a sewer at or near the point complained of by plaintiffs, which constituted a part of the drainage system complained of, and that thereafter certain other parties, unknown to defendant and without its knowledge or consent, constructed certain other culverts and portions of the drainage system complained of, and at which times the plaintiffs' property and the premises described in the petition were not within the limits of the city of Louisville; that thereafter, in 1922, the city extended its boundary lines so as to include plaintiffs' property and other premises described in the petition; and that since said annexation of such territory it has never adopted or accepted the drains, channels, culverts, or sewers complained of, or authorized any one to alter, change, or otherwise interfere with such drainage system or interfere in any way with the natural water course which theretofore existed. It further alleged that the first city sewer system along Clarks' lane in said neighborhood near or adjacent plaintiffs' property was completed in July, 1933, subsequent to the time of the injuries complained of by plaintiff, which was in May, 1933.

Paragraph III alleged that the city was invested with its own discretion as to whether it would construct or maintain public sewers; that it was not bound or compelled to do so and had not exercised its discretion in that respect with regard to the construction or maintenance of a sewer system in the territory described in plaintiffs' petition.

Paragraph IV alleged that the rains which resulted in the alleged damages were unprecedented and unusual in volume and that the damages, if any, were caused solely by such unusual rainfalls, and that it was not in law responsible for damages resulting therefrom.

Paragraph V alleged that the grade of the streets and premises complained of had never been altered or changed by the city of Louisville since the inclusion of said territory within the city limits, except that Delor

avenue was improved by the city in May, 1931, and that said grade, as so established and constructed, lowered and depressed the surface of Delor avenue at its inter-water to run northward on Delor avenue away from Clarks' lane at its intersection with Delor avenue to drain onto and over Delor avenue and away from the property of the plaintiffs, and that the grading and improving of Delor avenue did not cause any additional surface water or any drainage to flow down Clark's lane or into plaintiffs' sewer or upon or over their property or otherwise cause the overflow or damage complained of, but that said improvement diverted the surface water and sewerage in other directions and thereby lessened the burden on plaintiffs' sewer and premises.

The plaintiffs moved the court to strike paragraphs II to V, inclusive, which motion was denied, whereupon plaintiffs then filed a demurrer to each and all of said paragraphs which demurrer was also overruled and plaintiffs declined to plead further and their petition was dismissed. Hence this appeal.

A demurrer admits the truth of the allegation demurred to, and, therefore, the only question before us to be determined is whether or not the affirmative paragraphs of the city's answer constituted a defense.

It is insisted for appellants that the affirmative pleas set out in the answer do not constitute a defense and that the court erred in overruling their demurrer thereto. We will discuss the respective paragraphs of the answer in order above named.

II. With regard to the defense pleaded in this paragraph, appellants and appellee both cite and rely upon the case of Campbell v. City of Vanceburg, 101 S. W. 343, 345, 30 Ky. Law Rep. 1340, wherein it is said:

"When territory within a city is permitted * * * to remain in the condition it was when annexed—in other words, if the city does not undertake to make improvements or changes or alterations in existing improvements, or to build streets, side-walks, drains, or gutters, or reconstruct old ones—it will not be liable for any damage caused by the overflowing of the premises. * * * A city is not liable for its failure to make new improvements or

alter or reconstruct old ones. It may leave things just as it found them. * * * But when a city undertakes to make improvements, or to alter or reconstruct old ones, it then assumes the duty of completing and keeping them in such condition that the property of the citizen will not be injured thereby. * * * The city must do some act which produces the injury, to enable the injured party to recover against it. * * * The city, however, did assume to make changes and improvements in the street adjacent to appellant's property, and hence was liable for any damages resulting to him from its negligence in respect thereto."

In our view of the above quotation supports the theory of the appellee, in that the city left matters as it found them when the territory was annexed to the city and did not undertake to make new improvements or alter or reconstruct old ones. We assume that appellants rely on the latter part of the above quotation wherein it is said:

"But when a city understakes to make improvements, or to alter or reconstruct old ones, it then assumes the duty of completing and keeping them in such condition that the property of the citizen will not be injured thereby."

But it must not be overlooked that the city specifically pleaded that it did not undertake to make improvements or alter or reconstruct the old ones. However, it is pleaded in another paragraph that it did improve one of the streets in the territory complained of by grading and paving same, but it specifically stated in avoidance of any liability therefor that the grade was so established as to divert the water in the opposite direction from plaintiffs' premises and thereby lessening the burden on plaintiffs' sewer and premises. But with respect to the sewers it is specifically pleaded that it left them as it found them.. See City of Maysville v. Brooks, 145 Ky. 526, 140 S. W. 665, 667; Dillon on Mun. Corp., sec. 1041.

Paragraph III in effect pleaded that the city was not legally bound to exercise its discretion with respect to the construction of the sewer system in the annexed territory. It is the well-known rule in this jurisdiction and all other jurisdictions, so far as we are advised,

that a city cannot be compelled to exercise its discretion with regard to the construction or maintenance of a sewer system or other improvements. In City of Maysville v. Brooks, supra, speaking on this question, it is said:

> "The legal obligation of a municipal corporation to construct sewers is one to be voluntarily assumed, and, if it does not undertake to create a system of sewers, the city is not responsible for damages caused by freshets; but, if a municipality assumes the obligation of constructing a sewer, it must keep the same in good order and repair, and is liable in damages for failure so to do."

To the same effect see Dillon Mun. Corp., sec. 1041; O'Donnell v. City of Syracuse, 184 N. Y. 1, 76 N. E. 738, 3 L. R. A. (N. S.) 1053, 112 Am. St. Rep. 558, 6 Ann. Cas. 173.

In Ashley v. City of Port Huron, 35 Mich. 296, 24 Am. Rep. 552, it is said:

> "The distinction is, that the obligation to establish and open sewers is a legislative duty, while the obligation to keep them in repair is ministerial."

Paragraph IV pleaded that rainfalls causing plaintiffs' alleged damages were unusual in size and volume and for which reason the city was not responsible for the alleged damages. The rule that a city is not liable for overflows caused by extraordinary and unusual ranfalls is well-settled in this and other jurisdictions. It is responsible only in case of usual and ordinary rainfalls. Louisville & N. R. Co. v. Conn, 166 Ky. 327, 179 S. W. 195, and cases referred to therein.

Paragraph V alleged that the grading and improving of Delor avenue at the point complained of in plaintiffs' petition was so graded and constructed as to divert the flow of the water in the opposite direction from plaintiffs' property, thereby lessening the burden on his sewer and premises. If this is true, which is admitted for the purpose of the demurrer, no damage could have resulted to plaintiffs by such improvement. Anderson v. City of Ludlow, 250 Ky. 204, 62 S. W. (2d) 785, and cases referred to therein.

In support of appellants' contention, certain other

cases are cited, which we here note, pointing out their inapplicable features: Town of Central Covington v. Beiser, 122 Ky. 715, 92 S. W. 973, 29 Ky. Law Rep. 261, liability was rested upon the ground that the city in improving the streets stopped up a private sewer. In City of Louisville v. O'Malley, 53 S. W. 287, 21 Ky. Law Rep. 873, the city permitted a city owned sewer to become obstructed or failed to properly maintain same. City of Louisville v. Norris, 111 Ky. 903, 64 S. W. 958, 23 Ky. Law Rep. 1195, 98 Am. St. Rep. 437, the city constructed the drain complained of. In City of Louisville v. Knighton, 100 S. W. 228, 30 Ky. Law Rep. 1037, 8 L. R. A. (N. S.) 478, it is said:

> "Her [plaintiff's] complaint was rested upon the ground that the streets of the city were so constructed as to carry the water in large quantities towards the point where her residence was located, and the sewers and catchbasins imperfectly constructed and insufficient to conduct the water thus accumulated."

It is our conclusion, therefore, that each and all of the affirmative paragraphs of the answer above indicated stated a valid defense to plaintiffs' alleged cause of action, and the court did not err in overruling the demurrer thereto.

The judgment is affirmed.