# City of Louisville v. Cope et al.

Dec. 17, 1943.

Hal O. Williams for appellant.

James Boswell Young, David A. McCandless. and J. Donald Dinning for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

The judgment is for $1,000 against the City of Louisville for damages caused by backwater from a sewer accumulating in the basement and garage of a residence through the drain basins and plumbing facili-

.ties. The petition alleges the sewer was inadequate in times of ordinary rainfall and had been negligently constructed and permitted to remain that way. The City denied that the backing up of the water was caused by the inadequacy of the sewer or negligence in its maintenance. The affirmative defenses are: (1) The plaintiff failed to install a backwater valve, which could have been done at reasonable cost and have greatly diminished or entirely eliminated plaintiff's damage; (2) the house had been built in a valley and low elevation in the natural drainage area and the openings leading to the sewer were negligently placed below the level of the sewer; the house was built after the sewer had been constructed, that is, it had gone to the sewer instead of the sewer coming to it; and (4) the backwater was the result of unusual heavy rains which could not have been reasonably anticipated by the City.

The house was erected in November, 1936, and shortly afterward purchased by the plaintiffs. The sewer in Alexander Avenue on which it is located was built in 1926. It is 18 inches in diameter and runs into a 24-inch sewer on Keswick Boulevard, which in turn runs into a trunk line sewer in Shelby Street. At this juncture the main sewer is 7 feet in diameter but about 3,300 feet down it becomes a 5-foot sewer and continues at that diameter about 2,500 feet to where it enters another 7-foot trunk line. There are several right angle corners and obtuse angle turns in the system thus described which, it is testified, tend to slow down the flow. The 5-foot section was constructed in 1891 or 1892 and the other sections built from time to time in later years. The evidence for the plaintiffs shows that this bottleneck makes the system inadequate. The cause of the backwater in plaintiffs' home is attributed to back pressure from this ''bottleneck'' in the trunk line sewer. The evidence for the defendant is that since the fall is much steeper the flow is accelerated and it is able to take care of the sewage from above, even though the diameter is greater. We become involved in a maze of engineering opinions and references to a map not reproduced in the record. These make the issue clearly a factual one for the jury as to the inadequacy of the system through the failure in the original construction to provide for subsequent development of the area. It is significant that the chief engineer of the City regarded this as a bad condition.

The right to have the case submitted rests upon the law prevailing in this jurisdiction (though not uniformly recognized, 38 Am. Jur., Mun. Corp. Sec. 639) that where a city undertakes to establish drainage and sewerage systems, it is under the duty to do so by a plan sufficient in character and size to carry off the ordinary rainfalls that might reasonably be expected to occur in the area and also to provide for the growth in the population of the city and increase in use that may naturally and reasonably be expected. If the system thus inaugurated proves to be inadequate it must be changed to keep pace with the increasing demands upon the resources of the artificial channels it has established. City of Louisville v. Norris, 111 Ky. 903, 64 S. W. 958, 98 Am. St. Rep. 437; City of Louisville v. Knighton, 100 S. W. 228, 30 Ky. Law Rep. 1037; 8 L. R. A., N. S., 478; City of Louisville v. Leezer, 143 Ky. 244, 136 S. W. 223. Under this conception of the law the City is not absolved from liability for damages from an inadequate sewer because the ''house moved to the sewer,'' as if it were a nuisance.

A small natural or dry branch which drains both sides of the watershed and the valley passes through the plaintiff's lot. A corner of the dwelling is over this drain but the surface water quickly flows through it across the adjoining lot, thence over the street and sewer beneath it and beyond. This appears to have nothing to do with the case except to show the low elevation of the plaintiffs' property in relation to the general topography of the area. The floors of the basement and garage are 1.8 feet above the top and 2 feet 7 inches above the bottom of the sewer in Alexander Avenue. The front of the house is about 50 feet from the sewer. During the unprecedented flood of January, 1937, there was no backwater at the building, but beginning in March, 1939, and upon several other occasions water rose to varying heights in the basement and the garage. There is no satisfactory explanation of this. The flooding of the building, of course, resulted in inconvenience, discomfort and damage. The evidence as to the sufficiency and character of the installation and the private connections of the building with the city sewer is also conflicting. It was the judgment of some of the witnesses that the slight fall from the level of the floors to the sewer is ordinarily sufficient so that it cannot be said as a matter

of law that there was any improper construction in this respect.

The City has maintained that the plaintiffs are barred from recovering damages by reason of their contributory negligence in failing to protect their property from threatened damage by taking such measures of prevention as ordinary prudence would require. 38 Am. Jur., Municipal Corporations, Sec. 640. The basis of the argument is that it was proven the damage could have been prevented by the installation of any one of several automatic backwater valves. The City's evidence tends to support the ground but is by no means convincing. The plaintiffs' evidence is that they had made inquiry of six or more plumbers about installing such a device and all seem to have agreed it would not work satisfactorily under the conditions, especially because of the toilet in the basement. Witnesses testified that in their judgment such a device would not work. We do not think the plaintiffs are to be charged with contributory negligence as a matter of law for not having incurred the expense of experimenting with such devices. The court gave an instruction on this point of contributory negligence, which will be later noticed.

It appears that on several occasions when the building was flooded there had been heavy but not unprecedented rainfall, or rains of a character that could not have been reasonably expected. Plaintiffs testified that upon other occasions when the rain seemed to be of equal intensity and volume, there was no backwater. Certainly, if there was no flooding of the building in the catastrophic flood of 1937, something other than an unusual rain upon each occasion caused the backwater to accumulate in the building. The criterion of a defense upon this ground is whether the rain was of such extraordinary and unprecedented volume that the City could not in the exercise of ordinary prudence reasonably be expected to anticipate or to protect the property in the locality against it. Instructions to Juries, Stanley, Sec. 566; Chicago, St. L. & N. O. R. Co. v. Hoover, 147 Ky. 33, 143 S. W. 770; City of Louisville v. Knighton, supra.

The instructions to the jury closely follow those approved in City of Louisville v. Leezer, supra, published in Instructions to Juries, Stanley, Sec. 565. The appellant complains, however, that the instruction on the duty of the plaintiffs to exercise ordinary care to

protect their property from damage by the water is too abstract. In the application of the rule that instructions should not be general or abstract but as specific and concrete in form as possible, and confined to the issues, we often run up against the corresponding rule that undue prominence should not be given any particular fact or facts constituting only a part of a cause of action or defense. Instructions to Juries, Stanley, Secs. 17, 28. The line of demarcation between the two principles cannot be definitely declared. The objection to the instruction on contributory negligence here is that the court should have given an instruction offered by the defendant to the effect that it was plaintiffs' duty to use all reasonable means to prevent the damage and that it was incumbent upon them to install some mechanical device or backwater valve that would have prevented the water backing up in the building, and if the plaintiffs negligently failed to do so the jury should find for the defendant. It seems to us the instruction given (which is that usually followed and often approved, Instructions to Juries, Stanley, Secs. 564 and 565) is not too abstract for it submits in express terms the duty of the plaintiffs. That offered by the defendant points out with prominence and particularity one of the affirmative defenses to the action, namely a single method which the City had contended should have been followed. The given instruction embraced this and as well the City's claim of improper installation by reason of plaintiffs not having provided a steeper grade to the City sewer from their building.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.