## CITY OF HARRODSBURG v. YEAST.

Court of Appeals of Kentucky.

March 21, 1952.

Errol W. Draffen, W. A. Wickliffe, City Atty., Harrodsburg, for appellant.

W. Earl Dean, W. H. Phillips, Harrodsburg, for appellee.

COMBS, Justice.

A jury awarded appellee $500 for damages caused by the intermittent overflowing of a city sewer line and the deposit of sewage on her property. The City contends it was entitled to a peremptory instruction and, in the alternative, that the instructions to the jury were erroneous.

There is evidence that the condition had existed since 1944 and that the overflow from the sewer deposited sewage on appellee's property six or seven times a year. It was for the jury to decide whether the condition was caused by the City's negligence or indifference and the City was not entitled to a peremptory instruction.

The court instructed the jury, in substance, to find for the plaintiff if her property was damaged by overflow from the sewer line, and if the City knew or, by the exercise of ordinary care, could have known such damage was likely to occur, and by the exercise of ordinary care could have prevented the overflowing and resulting damage.

It seems to us the instructions adequately presented the issues. The City contends the jury should have been instructed to find for it if the damage was caused by an "unavoidable occurrence," or "act of God." It is sufficient to say on this point that no such instruction was requested. High Splint Coal Co. v. Cowans, 288 Ky. 66, 155 S.W.2d 488.

384

It is also argued that under the instructions the jury was permitted to speculate on what caused the overflowing of the sewer. It will be noted, however, that the instruction authorized a finding for appellee only in the event the City could have discovered and prevented the overflowing by the exercise of ordinary care. Since the jury returned a verdict for appellee, it must be assumed it found a lack of ordinary care on the part of the City with resulting damage to appellee. We think there is sufficient evidence to support the verdict.

This case is closely analogous to City of Louisville v. Cope, 296 Ky. 207, 176 S.W.2d 390, where a judgment was affirmed for $1,000 damages to a residence caused by the accumulation of backwater from a sewer.

The judgment is affirmed.