**CITY OF ASHLAND, A Municipal Corporation, Appellant,**

v.

**Cora KITTLE, Now Barger Kittle, Administrator of Estate of Cora Kittle, Deceased, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

A. W. Mann and A. T. Bryson, Jr., Ashland, for appellant.

John L. Smith, Catlettsburg, P. H. Vincent, Ashland, for appellee.

PER CURIAM.

This action was instituted in the Boyd Circuit Court by Cora Kittle to recover damages from the city of Ashland for injury to real estate caused by the overflow of surface water from an allegedly negligently constructed culvert. A jury awarded damages in the sum of $2,000. Appellant now moves for an appeal from the judgment entered on that verdict.

It is urged as grounds for reversal that (1) the damage was occasioned by extraordinary rainfall which could not have been reasonably anticipated and (2) the culvert is a permanent structure—not to be corrected at a reasonable expense—and the action is barred because it was not instituted within five years from the date of the culvert's completion. The rule is that in cases involving damages resulting from a temporary structure, suits may be brought for each recurring injury, but in cases involving a permanent structure, whatever damages result from its construction must be treated as an entirety, and the right of action accrues when the structure is completed. The recovery must be had in one action brought within five years. Fitzhugh v. Louisville & N. R. Co., 300 Ky. 509, 189 S.W.2d 592.

It is true that a municipal corporation is not liable for damages caused by extraordinary rainfall which could not have been anticipated by a person of ordinary experience. Seay v. City of Louisville, 259 Ky. 64, 82 S.W.2d 212; City of Lexington v. Henderson, 180 Ky. 650, 203 S.W. 528. Experts differed as to whether any of the rains shown might properly be termed extraordinary rainfalls and the question was submitted to the jury. The jury, by its verdict, found that such rainfall as had been experienced could reasonably have been anticipated, and we are not disposed to distrub the verdict. Furthermore, there was proof to the effect that the city failed in its duty to keep the culvert in condition to carry off water from ordinary rainfalls. See City of Louisville v. Norris, 111 Ky. 903, 64 S.W. 958.

In connection with the second contention, we must recognize that the question of whether a structure or nuisance is temporary or permanent is decided by determining whether it can be readily corrected or abated at a reasonable expense; if it can, it is temporary; if it cannot, it is permanent. Chesapeake & O. R. Co. v. Coleman, 184 Ky. 9, 210 S.W. 947. In this case the evidence bearing upon the expense of reconstruction and the results thereof is in conflict. The testimony of witnesses for the appellees placed the cost at a sum between $4,500 and $5,000, while estimates by witnesses for the appellant varied from $12,278 to $22,000. This question also was submitted to the jury under proper instruction and we find that there is sufficient evidence to sustain the verdict. Since the structure is temporary (by our definition) recovery may be had for recurring injury.

The motion for an appeal is therefore overruled and the judgment is affirmed.