## Brock v. Commonwealth.

(Decided June 27, 1928.)

### Appeal from Bell Circuit Court.

1. Indictment and Information.—Second indictment charging substantially the same offense as first indictment, which had been quashed, constitutes amendment to the first, and relates back to date on which first indictment was returned.

2. Criminal Law.—Where defendant, after arrest on indictment for unlawfully and willfully shooting at another with intent to kill, but without wounding him, had been in custody more than three days before day fixed for trial, fact that court required trial to begin on day second indictment, constituting an amendment to the first, was returned, held not in violation of Criminal Code of Practice, sec. 187.

3. Criminal Law.—Affidavit for continuance on ground of absence of witnesses is not insufficient, because allegations of due diligence in securing attendance of such witnesses are mere conclusions of law.

4. Criminal Law.—Demurrer to affidavit for continuance on ground of absence of witnesses held erroneously sustained, in view of allegations relative to due diligence without granting right to have affidavit read as deposition of absent witnesses.

W. J. STONE for appellant.

JAMES M. GILBERT, Assistant Attorney General, and J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of maliciously shooting at another without wounding with the intention to kill him, and fixing his punishment at three years' confinement in the state penitentiary.

The facts disclosed by the evidence for the commonwealth are these: The prosecuting witness John Slusher, a deputy sheriff of Bell county, had been engaged in serving some papers that had been placed in his hands. On his way home he saw appellant and another boy, who turned and came down the railroad toward the mouth of the creek. He saw appellant fire a shot or two into a frog pond or mudhole at the right of the railroad. Later on as he started through a railroad cut he heard a pistol snapping. Looking back he saw appellant with a gun directed toward his legs. Appellant cursed him, and said: "Come and get me;" "pick them up;" "pick them up;" "I will bring you down." He kept walking. When about 100 yards away, appellant fired, and the ball rang in his ear like hot grease. Other witnesses for the commonwealth corroborated Slusher, and one of them removed the bullet from John Hendrickson's house. On the other hand, appellant testified that he did not shoot the pistol at Slusher. He further stated that a person where he was standing could not shoot into John Hendrickson's house; that he did not have any intention of killing or injuring John Slusher, but shot in the ground. Other witnesses testified that a bullet from appellant's pistol in the position he was standing would not enter the Hendrickson's house.

The only grounds urged for reversal are that appellant was tried in violation of section 187, Criminal Code, providing "All prosecutions shall stand for trial on the day to which they are docketed, if the defendant be in custody, or on bail, or have been summoned or arrested three days before the day fixed for the trial," and that the court erred in refusing him a continuance on account of absent witnesses. The record discloses that at the May, 1927, term of the Bell circuit court the grand jury returned an indictment charging that:

> Appellant "did unlawfully and wilfully shoot at John Slusher with a pistol or deadly weapon with intent to kill him, but without wounding him."

Appellant was then arrested and gave bond for his appearance. On the call of the case on November 9th the case was set for trial on November 14th. When called on that day the commonwealth announced ready and appellant filed an affidavit for a continuance. The commonwealth's demurrer to the affidavit was sustained, and the motion to continue was overruled. Thereupon the indictment was quashed and referred to the grand jury and appellant delivered to the jailer. On the same day the grand jury returned a new indictment charging that:

> Appellant "did unlawfully, wilfully, and maliciously shoot at, without wounding, John Slusher, with guns and pistols loaded with powder and metal balls and other hard and explosive substances with intention to kill him."

Whether the first indictment was sufficient to charge a felony we need not determine. It was so intended; but for fear that it was not sufficient for that purpose, it was referred to the grand jury and a new indictment returned, which is conceded to be sufficient to charge a felony. In the circumstances the second indictment which charged substantially the same offense was but an amendment to the first and related back to the date on which the first indictment was returned. As appellant had been arrested on the first indictment, and was in custody more than three days before the day fixed for trial, the fact that the court required the trial to begin on the day the second indictment was returned was not a violation of section 187, Criminal Code. Hogan v. Commonwealth, 185 Ky. 424, 215 S. W. 183.

The refusal of the court to grant a continuance presents a more serious question. The affidavit is not insufficient because the allegations of due diligence are mere conclusions of law. While the affidavit says "that he has exercised due diligence in an effort to procure the attendance of said Warren Brackett and Salley Smith," it goes further and says:

"And to that end on the 9th day of November, 1927, he had issued by the clerk of the Bell circuit court a subpoena for said Warren Brackett and Salley Smith, Nellie Hendrickson and Nath Centers, which subpoena was on the 9th day of November, 1928, placed in the hands of Jim Shelton, a deputy constable in Bell county, Ky., and was returned by said constable on the 14th day of November, 1927, not executed."

It will be seen, therefore, that the affidavit states facts showing that appellant exercised due diligence. It is true that one of the witnesses was alleged to be a resident of Tennessee; but the affidavit shows that the other witnesses were residents of Four Mile, Bell county, Ky., and were therefore within the jurisdiction of the court. The affidavit further alleges that the witnesses, if present, would testify that appellant did not shoot at Slusher, but he shot his pistol into the ground. The affidavit being otherwise sufficient, it follows that the demurrer thereto was improperly sustained, and that appellant was entitled either to a continuance, or to have the affidavit read as the depositions of the absent witnesses. But the commonwealth insists that the error of the court is not available in as much as appellant did not offer the affidavit in evidence. There might be some merit in this contention if the court had merely overruled the motion for a continuance, but, having gone further, and sustained a demurrer to the affidavit, the affidavit was out of the case, and any effort on the part of appellant to read it to the jury as the deposition of the absent witnesses would have been futile. We are therefore constrained to the view that the court erred to appellant's prejudice in sustaining the demurrer to the affidavit, and thus denying him a continuance without the right to read the affidavit as the deposition of the absent witnesses.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.