## Public Service Commission et al. v. Blue Grass Natural Gas. Co.

November 19, 1946.

Eldon S. Dummit, Attorney General, Dennis Wooten, Assistant Attorney General, and Funk, Chancellor & Darnell for appellants.

Hazelrigg & Cox for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On December 13, 1945, the Blue Grass Natural Gas Company filed with the Public Service Commission an application for a certificate of convenience and necessity authorizing it to bid for the purchase of franchises from the counties of Marion, Washington, Nelson, Boyle, Mercer, Jessamine, Garrard, Lincoln and Anderson, and from the cities of Lebanon, Springfield, Bardstown, Danville, Harrodsburg, Burgin, Wilmore, Nicholasville, Lawrenceburg, Lancaster and Stanford, for the purpose of distributing natural or mixed gas for domestic and commercial needs therein.

On December 31, 1945, the Natural Gas Distributing Company filed its application with the Commission for a certificate of convenience and necessity authorizing it to bid for and purchase franchises from the counties of Boyle, Mercer, Jessamine, Anderson, Garrard and Lincoln, and from the cities of Danville, Harrodsburg, Burgin, Wilmore, Nicholasville, Lawrenceburg, Lancaster and Stanford.

Prior to this the Natural Gas Distributing Company had applied for and been granted certificates of convenience and necessity for the purchase of franchises from the cities of Lebanon, Springfield and Bardstown, and the counties in which they are located. The application of the Blue Grass Company and the last application of the Natural Gas Company were consolidated for a hearing, after which the Commission issued an order on June 19, 1946, granting to the Natural Gas Company the certificate applied for, and denying the application of

the Blue Grass Company. The Commission found there is a need and demand for the distribution of natural gas in the territories specified in the applications and that the Natural Gas Company is financially and otherwise qualified to perform the public services proposed in its application, but that the Blue Grass Company failed to comply with the rules and regulations of the Commission in that it did not file with its application, or introduce in evidence at the hearing, maps to suitable scale showing the streets or other places along which it proposed to exercise the franchises it sought to purchase and that it failed to establish by competent or any evidence that it is financially able to construct a gas distributing system in any of the cities or counties referred to in its application.

On July 26, 1946, the Blue Grass Company appealed from the Commission's order, and on September 2d filed an amended petition making the Natural Gas Company a party defendant to the appeal then pending in the circuit court.

On September 16, 1946, the court below entered a judgment directing the Public Service Commission to issue a certificate of convenience and necessity to the Blue Grass Company, authorizing it to bid for franchises in the territories specified in its application.

On September 20, 1946, this judgment was supplemented to the extent that the Commission was directed to vacate its order granting a certificate to the Natural Gas Company; to refrain from issuing any certificate or take any action whatever with respect to the sale or purchase of any franchise for the sale and distribution of natural gas in any of the communities included in the applications, and voided the acquisition by the Natural Gas Company of franchises in the named cities and towns. By its terms this supplemental order remains in effect only until the matter is finally determined by this court.

The appellant, Natural Gas Distributing Company, argues with much force that since it was made a party to the appeal after the time for appeal had expired, and since no affirmative relief was asked for against it, the circuit court exceeded its jurisdiction in entering the supplemental order of September 20, 1946. Doubtless the lower court thought it would be proper, under the cir-

cumstances, to maintain the status quo of all interested parties until all questions had been finally determined, and as we view the amended judgment it does no more than that. We think it unnecessary to pass upon the correctness of the supplemental judgment as it, by its terms, becomes inoperative by this decision, and also, because the determination of the question involved here will settle the rights of the parties.

The real and only question presented on this appeal is whether the Public Service Commission exceeded its authority in refusing to grant a certificate of convenience and necessity to the appellee, Blue Grass Natural Gas Company.

The power of the Public Service Commission to deal with and regulate public utilities is authorized, controlled, and restricted by Chapter 278. KRS 278.020, subsection (3) provides: "No utility shall apply for or obtain any franchise, license or permit from any city or other governmental agency until it has obtained from the commission, in the manner provided in subsection (1) of this section, a certificate of convenience and necessity showing that there is a demand and need for the service sought to be rendered."

Subsection (1) provides for a public hearing of all parties interested in such application and gives the Commission power to issue or refuse to issue the certificate applied for. 278.040, KRS, subsection (2), provides that: "The jurisdiction of the commission shall extend to all utilities in this state. The commission shall have exclusive jurisdiction over the regulation of rates and service of utilities, but with that exception nothing in this chapter is intended to limit or restrict the police jurisdiction, contract rights or powers of cities or political subdivisions."

Subsection (3) of that section empowers the Commission to investigate the practices of utilities for the purpose of requiring them to conform to the laws of this state, and to all reasonable rules, regulations and orders of the Commission which are not contrary to law.

The Commission has adopted certain rules and regulations in accordance with the provisions of the Public Service Commission Act, and they, in part, provide that when an application is made for a certificate that pub-

lic convenience and necessity requires the construction or extension of facilities, the applicant shall file maps and set forth in detail the method by which it is proposed to finance such new construction or extension, and estimate the cost of the operation of the proposed plant. It must be conceded that the Blue Grass Company failed to comply with this portion of the Commission's rules, but the question is whether or not this rule was intended to apply, or may be applied, to an application for a permit to bid on a franchise. Waiving the question as to whether the Commission intended this particular rule to apply to all applications, including applications for permits to purchase franchises, and assuming that it was so intended, we turn to the question of whether the rule, if so construed, is valid as an authorized exercise of the jurisdiction of the Commission.

We have held that the jurisdiction of the Public Service Commission is clearly and unmistakably limited to the regulation of rates and service of utilities. Smith v. Southern Bell Telephone and Telegraph Co., 268 Ky. 421, 104 S. W. 2d 961; Benzinger, etc., v. Union Light, etc., 293 Ky. 747, 170 S. W. 2d 38; Peoples Gas Co. of Kentucky v. City of Barbourville, 291 Ky. 805, 165 S. W. 2d 567.

The Public Service Commission Act, by its express provisions, does not limit or restrict the rights or powers of cities or political subdivisions except as to rates and services, and this court has said that the Commission's jurisdiction over rates and services attaches only after the franchise has been acquired, either before operations have commenced under it, or thereafter during the life of the franchise. Peoples Gas Co. of Kentucky v. City of Barbourville, supra. In that case it is pointed out that the statute nowhere indicates a purpose to take from municipalities any authority except that which is expressly and specifically granted to the Commission.

The only authority possessed by the Commission to issue permits to bid for and obtain franchise is granted by 278.020, subsection (3), KRS. This subsection by reference to subsection 1 requires a public hearing of the interested parties and gives the Commission a discretion as to whether or not such certificate or permit will be issued. But the only finding which the Commission is re-

quired to make before issuing such certificate is that there is a demand and need for the services sought to be rendered. This, of course, applies only to applications for authority to bid for franchises, and, as will be noted, is treated separately from applications for authority to construct systems and furnish services.

In this case the Commission found there is a demand and need for the services sought to be rendered. The question is whether the Commission's authority extends beyond this so as to permit it to assume and exercise control over the issual of permits to such an extent that it may determine the respective qualifications of prospective bidders for franchises. The Commission contends that it has such authority and must necessarily possess it in order to administer the provisions of the Public Service Commission Act for the benefit of the general public.

The appellee, Blue Grass Natural Gas Company, contends that the authority of the Commission is limited by the statutes creating it and that the statutes do not authorize the exercise of any power with respect to the issuance of permits to bid for franchises, other than to find whether or not there is a demand or need for the services specified in the application for such permit.

It is not the province of this court to determine whether the Commission should or should not possess this authority. That duty is delegated by the Constitution to the Legislative branch of the government, and in respect of this the judiciary is confined to construing such valid acts and laws as that body may deem proper to enact, and to determine within such laws what the legislature intended. Therefore, in considering the question involved here we are not at liberty to say whether or not the Public Service Commission should have the authority to determine to whom it should issue such certificates of convenience and necessity, but, on the contrary, we are restricted to deciding whether the legislature has granted such authority to the Commission.

After carefully considering the applicable provisions of the Kentucky Constitution (Sections 163 and 164) and the Public Service Commission Act, we are compelled to say that the legislature has not authorized the Commission to determine who shall and who shall not be entitled

to bid for franchises. By the terms of the statute its authority is limited to the determination of whether there is a need and demand for the public service in question, and if it determines that there is such need and demand it must issue a certificate to all parties seeking a right to bid upon the franchises to be offered by political subdivisions.

Section 164 of the Constitution of Kentucky requires any municipality offering a franchise for sale to receive bids therefor publicly and award the same to the highest and best bidder. In view of the Constitution and statutes, we are impelled to the conclusion that the legislature left to the municipalities the power to pass upon the qualifications of bidders for franchises offered. It follows that the legislature did not transfer this power to the Public Service Commission and consequently the Commission does not possess the authority it attempted to exercise in connection with the applications here under consideration.

The amended judgment of the circuit court dated September 20, 1946, expires by its terms on the date this decision becomes final. The judgment of September 16, 1946, from which the appeal is taken, conforms to the views herein expressed, and it is therefore affirmed.