**J. Frank DEES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 13, 1958.

Calvert C. Little, London, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Judge.

J. Frank Dees was convicted on an indictment charging him as President and General Manager of the Mount Vernon Telephone Company with "unlawfully, wilfully and unreasonably failing and refusing to furnish adequate, efficient and reasonable service * * * within twelve months before the finding of the indictment * * * by unlawfully, wilfully and unreasonably failing to keep adequate, efficient, reasonable or any switchboard operators on the said telephone Company's switchboards for great and unreasonable length of time." His punishment was fixed at a fine of $500, KRS 278.030(2) and KRS 278.990, and he moves this court for an appeal.

In seeking to reverse the judgment he insists: 1. the circuit court had no jurisdiction until the Kentucky Public Service Commission (hereinafter referred to as the Commission) had found he had failed to render adequate service and until it had ordered him to so do; 2. that the court erred: (a) in overruling his motion for a continuance; (b) in overruling his motion for a change of venue; (c) in admitting incompetent evidence and rejecting competent evidence; (d) in instructing the jury and in not giving the whole law of the case; (e) in erroneously commenting on the evidence during the prosecuting attorney's closing argument; (f) in refusing to let defense counsel present a proper argument.

The evidence for the Commonwealth was to the effect that on many occasions no operator was at the switchboard for intervals varying from 15 to 30 minutes and calls could not be put through; that persons de-

siring to make long distance calls would have to go to nearby towns in order to use the long distance telephone; that often both local and long distance conversations could not be heard on account of a continuous buzzing in the telephone; that the lines of the company were down and unusable for as long as three or four weeks at a time; that when complaints were made to defendant of the service he was rendering, no attention was paid to them and he told subscribers if they did not like the service he was rendering they could have their telephones removed.

Defendant denied making such replies to complaining subscribers. He and his chief switchboard operator denied the switchboard was unattended for long periods, although she admitted that on one or two occasions she fell asleep late at night and the signal bell got detached from the battery and would not ring. Defendant testified he gave the best service possible with the equipment he had and any failure in the service was not willful on his part; that the Commission had refused him permission to install a dial system; that he repaired his lines, which had been knocked down by a truck, as soon as he could and that he did not charge subscribers for the time the lines were down and the service was interrupted.

■ By KRS 278.040(2) the Commission is given exclusive jurisdiction "over the regulation of rates and service of utilities." In ordinary circumstances we would say that an indictment would not lie under KRS 278.030(2) for inadequate telephone service unless the Commission had first held such service to be inadequate and had ordered the company to improve same. Smith v. Southern Bell T. & T. Co., 268 Ky. 421, 104 S.W.2d 961. But here defendant was not indicted for rendering inadequate service but for "unlawfully, wilfully and unreasonably failing (to keep) a switchboard operator on the company's switchboard for great and unreasonable lengths of time." Under the indictment and under the proof in this case we conclude the circuit court had jurisdiction even though the Commission had not condemned the service or ordered it improved. See Louisville Gas & Electric Co. v. Dulworth, 279 Ky. 309, 130 S.W.2d 753, wherein the Smith case is distinguished from the facts appearing in the instant one.

■ Defendant's motion for a continuance is based on the fact he was tried one day after the indictment was returned, which he claims violates § 185 of the Criminal Code of Practice. However, he previously had been indicted for the same offense and on his motion the four previous indictments were quashed. Thereupon the matter was re-referred to the grand jury which returned the instant indictment and the next day defendant was tried on this new indictment. It was held in Brock v. Com., 225 Ky. 264, 8 S.W.2d 390 and in Young v. Com., Ky., 238 S.W.2d 130, that where a former indictment had been quashed and a new one returned which corrected a technical error in the first indictment, the defendant could be immediately tried on the new indictment; provided he was before the court the requisite time for trial on the first indictment, since the second indictment merely takes the place of the first.

■ Defendant's petition for change of venue recites that due to the notoriety given the case, public opinion was so inflamed against him as to prevent a jury from Rockcastle County giving him a fair trial. In support of his petition defendant filed the affidavits of two "creditable persons, citizens and residents of the county", who said they were acquainted with the state of public opinion in the county and that defendant could not obtain a fair trial. These affidavits did not state the facts upon which affiants based their conclusions. In response to this petition the Commonwealth filed the affidavits of nine prominent citizens and officials to the effect that 90% of the area and 50% of the population had no telephone service, were not interested in the

litigation and that a jury easily could be procured in the county which would grant both the Commonwealth and defendant a fair trial.

█ A trial judge has a broad discretion in granting or refusing a change of venue which will not be interfered with unless it appears his discretion was abused. See the great number of authorities listed in 6 Ky. Digest Criminal Law It is patent in this instance there was no abuse of discretion by the trial judge in refusing to grant defendant's motion for a change of venue.

█ There is no serious complaint that the court admitted incompetent evidence against defendant but he insists the court erred in rejecting a petition he offered in evidence which was signed by fifty people to the effect the telephone service was adequate. It is manifest such petition was not competent evidence as the signers would have to take the witness stand and subject themselves to cross-examination rather than testify by written instrument, unless counsel agreed thereto. Nor did the court err in refusing to permit defendant to testify as to the outcome of other litigation concerning objections made by the officers of the town of Mount Vernon relative to efforts to obtain permission from the Commission to install dial telephones. Naturally, the court refused to permit defendant's counsel to argue this excluded evidence. Nor was it improper for the court after excluding this evidence to remark when defendant's counsel attempted to argue it, "There is nothing in the record to show that." We do not find in the record any improper argument of the prosecuting attorney or any improper remarks on the evidence by the trial court.

█ Defendant's objection to the court's instructions has merit. There were but two instructions given. The first attempted to tell the jury if they believed beyond a reasonable doubt that accused "unlawfully, wilfully, habitually and continually * * *

failed to provide adequate, efficient and reasonable service to the (Company's) subscribers," then to find him guilty. The second instruction was to acquit him if the jury had a reasonable doubt as to his having been proven guilty. However, the court in the first instruction erred by specifically referring to the evidence introduced against defendant; such as his failure to keep the physical structures in repair, his failure to make prompt repairs when lines were down and his failure to provide such service that long distance and local calls would be audible. It is patent this instruction gave undue prominence to particular facts introduced in evidence against defendant to his great prejudice and for that reason the judgment is reversed. 1 Stanley's Instructions to Juries, § 28, p. 54; City of Louisville v. Cope, 296 Ky. 207, 176 S.W.2d 390.

█ The rule is well put in State v. Williams, 238 Iowa 838, 28 N.W.2d 514, where the court pointed out the office of an instruction is to state the rule of law applicable to the matter to be determined and not by special mention to give undue prominence to any particular phase or feature of the evidence.

Although no objection was made to the evidence mentioned in the first instruction when it was introduced and although its incompetence was not argued in brief, it had no place in this trial as the indictment only charged defendant with unlawfully and wilfully failing to maintain competent switchboard operators. Should there be another trial, the court will confine the evidence to the charge averred in the indictment.

█ Furthermore, the first instruction should have told the jury the switchboard service required of defendant's company was that required of like or similar telephone companies operating in like or similar territory in which defendant's company operated. It is well known that a rural telephone company, or one operated in a small town and surrounding territory, does

not give the same character of service as that given by a metropolitan telephone system.

 The reasonable doubt instruction under the facts in this record presented defendant's theory of the case and there is no merit in his argument that he was entitled to an affirmative instruction. Abshire v. Com., 281 Ky. 470, 136 S.W.2d 567.

The motion for appeal is granted and the judgment is reversed for proceedings consistent with this opinion.