**BEE'S OLD RELIABLE SHOWS, INC.,**
Appellant,

v.

**KENTUCKY POWER COMPANY, Inc.,**
Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1960.

Rehearing Denied May 20, 1960.

Redwine & Redwine, M. C. Redwine, Winchester, Burchett & Burchett, Thomas Burchett, Ashland, for appellant.

Gray & Woods, Robert P. Woods, James E. Cooper, Ashland, for appellee.

WILLIAMS, Judge.

The appellant, Bee's Old Reliable Shows, Inc., is a carnival which conducts its shows in various cities throughout the State. From 1950 through 1957, appellant conducted a show in Greenup, Kentucky, and contracted with appellee Kentucky Power Company to supply the necessary electric power for the conduct of said show. For installation, removal, connecting and disconnecting service for the years in question appellee charged appellant a total of $1,592.02, which appellant claimed to be unreasonable, and the fair value of such

service to be only $225, and that, consequently, appellant was overcharged the sum of $1,367.02.

Appellant applied to the Public Service Commission for a determination of the question and the Commission made an investigation and found the charges not to be unreasonable. No public hearing was held and no order was entered. The Public Service Commission wrote a letter to attorneys for appellant in which it was stated that the Commission had made an examination, and that "This letter may be used by you as a refusal of the Public Service Commission to take any further action in this matter." That letter was signed by counsel for the Public Service Commission. Thereafter, appellant brought an action in the Boyd Circuit Court, seeking to recover the alleged overcharge of $1,367.02. Appellee filed a motion for a summary judgment which was sustained, and appellant's complaint was dismissed on the ground that Boyd Circuit Court did not have jurisdiction of the matter. Bee's Old Reliable Shows, Inc., now prosecutes an appeal from that order.

■ Chapter 278, KRS, sets out in detail the manner in which hearings shall be conducted by the Public Service Commission, and sets up the machinery for issuance of orders, application for rehearings and appeal from orders of the Commission. Specifically, Section 278.410 provides that a party to a proceeding before the Commission may appeal from a Commission order to the Franklin Circuit Court. Appellee alleges that appellant has failed to follow the statutory mandate in that it has not appealed to the Franklin Circuit Court from the determination of the Public Service Commission. However, the Public Service Commission has not entered an order in this case. The only indication of the Public Service Commission having taken any action at all is the letter from counsel of Public Service Commission, which merely indicates refusal by the Commission to take any further action in the matter. Such,

obviously, is not a final order which might be appealed to the Franklin Circuit Court.

■ Having determined that appellant had no obligation to attempt an appeal from the Commission's refusal to act, we are now confronted with the question of whether appellant has any other avenue in which it may seek relief.

Upon a complaint in writing made against a utility by any mercantile, agricultural or manufacturing society, body politic or municipal organization, public utility *or any 10 patrons* of the utility complained of, concerning rates or services, the Public Service Commission is authorized to make an investigation as it deems necessary. KRS 278.260. We have held that it is not unreasonable to require as many as 10 persons to join together before complaint will be heard by the Public Service Commission. Smith v. Southern Bell Telephone & Telegraph Company, 268 Ky. 421, 104 S.W.2d 961. We then concluded that such limitation was not in violation of the Constitution, and that it deprives no one of his rights, in the final analysis, to have his day in court. Hence, we have determined that a single subscriber does not have an inherent right to adjudicate a controversy over rates and services in court, even though he is deprived by statute of the right to be heard by the Public Service Commission.

In Louisville Gas & Electric Co. v. Dulworth, 279 Ky. 309, 130 S.W.2d 753, we cited with approval Central States Power & Light Corporation v. Thompson, 177 Okl. 310, 58 P.2d 868, which holds that, where a matter complained of is one of purely private concern between the utility and one of its patrons, courts have jurisdiction to hear and determine the controversy. The question before this Court in the Dulworth case was whether the utility was justified in discontinuing service to a subscriber. Therein it was stated as follows [279 Ky. 309, 130 S.W.2d 755]:

"It is our conclusion that the public utility commission act does con-

fer upon the public utilities commission of Kentucky primary jurisdiction over public utilities with respect to tolls, schedules, rates, charges, services, etc., generally, but that it does not expressly nor by inference or implication vest the commission with exclusive jurisdiction on complaint made by an individual in cases of this character."

In Dees v. Commonwealth, Ky., 314 S. W.2d 514, there was an indictment for failing to keep a switchboard operator on the Company's switchboard, and this Court said that, in ordinary circumstances, an indictment would not lie for inadequate service unless the Public Service Commission had first held the service to be inadequate, but, under the circumstances therein prevailing, the circuit court did have jurisdiction.

▪ Although the Public Service Commission has jurisdiction over questions concerning rates and services generally, nevertheless, when a question arises which is peculiar to the individual complainant, the courts will assume jurisdiction and hear the matter. Here no question is raised concerning rates charged for regular service. The problem presented is the charge made for connecting and disconnecting such service. The appellant, by the very nature of its business, remains in one location for only a short period of time before moving to another location. Thus the connection charge is a recurring one to appellant. The usual subscriber does not make sporadic use of power service, and, consequently, connection charges are of little concern to him. These parties have entered into a contract for service, which, obviously, is not akin to the usual service rendered to the public generally. The contract here is of private concern to these parties. Under the circumstances, jurisdiction is not exclusive with the Public Service Commission, and the case should be submitted to the court.

The motion for an appeal is sustained, and the judgment is reversed.