COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, et al., Appellants,

v.

CENTRAL KENTUCKY ANGUS ASSOCIATION et al., Appellees.

Court of Appeals of Kentucky.

Aug. 26, 1977.

Phyllis L. Robinson, Ed W. Hancock, Dept. of Transp., Frankfort, for appellants.

James F. Clay, Clay & Clay, Danville, for appellees.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge:

The issue on this appeal is whether certain billboards erected by appellees within 660 feet of the right-of-way of U.S. Highway # 27 in Garrard County fall within the prohibition of advertising devices set forth in KRS 177.841. The billboards in question advertised to the motoring public: (1) the location of Central Kentucky Angus Association and the date of its next sale; (2) the location of the Gerrobin Farm with a listing of some items offered for sale there; (3) the location of the Red Gate Fishing Camp; and (4) the location of Bryant's Camp with some advertising material for Chrysler Outboard Motors.

The trial court determined the signs were not advertising devices as defined in KRS 177.830(5) but were directional signs and permanently enjoined the Department of Transportation from removing the signs pursuant to KRS 177.870.

KRS 177.830(5) defines an advertising device as any billboard, sign, notice, poster, display or other device intended to attract the attention of motorists but excludes "directional or other official signs or signals erected by the State or other public agency having jurisdiction".

The exclusion provided by statute is limited to official signs erected by the State or other public agency and does not exempt signs erected by private individuals, directional or otherwise.

The Bureau of Highways is required by KRS 177.073 to erect official directional signs pertaining to both privately and publicly owned natural wonders, scenic attractions, etc. under regulations promulgated by the Commissioner of Highways. Nothing in the statute grants authority to private individuals to erect and maintain such signs while waiting for the Bureau of Highways to take action under the statute.

The constitutionality of KRS 177.830–177.890 (The Billboard Act) was upheld in *Moore v. Ward*, Ky., 377 S.W.2d 881 (1964).

In our opinion these statutes envision a program under which only carefully selected signs, deemed by an administrative agency to be in the interest of the travelling public, shall be erected. There is no authorization for the agency or the courts to exempt certain private signs from the prohibition of the act even though the signs may, in some instances, announce the presence of an outstanding attraction which would merit notice to the travelling public under the guidelines established by the statutes and regulations thereunder.

Owners of private attractions who desire the erection of highways signs advising the motoring public of those attractions are required to proceed under KRS 177.073.

The judgment is reversed. A new judgment shall be entered which dismisses the appellees' complaint.

All concur.