**Hobart R. CARR, Appellant,**

v.

**CINCINNATI BELL, INC., Appellee.**

Court of Appeals of Kentucky.

June 3, 1983.

G. Wayne Bridges, Covington, for appellant.

William H. Hawkins, Cincinnati, Ohio, for appellee.

Before HOWERTON, MILLER and WIL-HOIT, JJ.

MILLER, Judge.

Appellant Hobart R. Carr is a customer and patron of appellee Cincinnati Bell, Inc. (Bell). Bell is a public utility governed by KRS Chapter 278. On May 19, 1982, Carr filed suit in the Kenton Circuit Court against Bell alleging "tortious breach" of a 1979 contract concerning telephone service to his home in Kenton County, Kentucky. The suit sought damages, compensatory and punitive, and further sought a mandatory injunction requiring Bell to furnish Carr with a "Kenton County telephone number and tariff-free service to other Kenton County numbers." Carr desired the Kenton County number for reason that those numbers are a part of the Greater Cincinnati exchange and can be called from considerable portions of Northern Kentucky and the Cincinnati, Ohio area without long distance toll. Carr planned to convert or otherwise use his home site property for the business of a mobile home sales, thus intensifying the importance of a telephone listing. Carr's property lies in Kenton County, Kentucky, contiguous or adjacent to the Grant County line. The primary entrance to the home is from U.S. Highway 25 in Grant County, Kentucky. Carr alleges that Bell, in February, 1979, pursuant to an oral agreement, later reduced to writing, agreed

to install a telephone in his home with a Kenton County number to be listed in the Greater Cincinnati directory. He alleges that a telephone was actually installed, after payment of a deposit by him, and assigned a Kenton County number (356–3620) which was published in the Greater Cincinnati directory as a local call from the Northern Kentucky—Greater Cincinnati areas. At this point in time according to Carr's complaint the telephone was installed with the assigned and published number but service was not yet connected. Carr alleges that Bell connected his telephone service in May, 1979, but without his consent assigned him a Grant County, Kentucky, number (428–2255). This number required a "toll" call from the Northern Kentucky-Greater Cincinnati area. Carr alleges that the foregoing was a breach of contract and sought the relief hereinbefore mentioned. The trial court dismissed Carr's complaint under CR 12.08(3) for lack of subject matter jurisdiction in that the jurisdiction rests in the Public Service Commission (PSC) of the Commonwealth of Kentucky. KRS Chapter 278. Carr appeals. The question is not new. The cleavage between PSC jurisdiction and the jurisdiction of the court has been addressed before. But before we discuss the authority let us examine Bell's position. Bell asserts that in connecting Carr's service in the Grant County exchange with a Grant County number it was following an established policy of the company. That policy, which at that time was not approved by the PSC, was that a customer is assigned telephone service based upon the exchange area in which the "primary entrance" to his property is located and not the exchange area in which his property or telephone is in fact located. Bell insists that it followed this rule, thus Carr's listing was in Grant County, Kentucky, the place of the "primary entrance" to his property lying across the line in Kenton County. Bell denies all liability.

■ First, we shall consider the appellant's contention that KRS 278.260 is unconstitutional. That contention is not open to review as it was not raised in the lower court nor was there compliance with CR 24.03 requiring notification of the attorney general. *See Blake v. Woodford Bank & Trust Co.,* Ky.App., 555 S.W.2d 589 (1977).

■ Kentucky has recognized the right of a customer to sue a utility in circuit court in certain instances but in other cases has held that jurisdiction was in the state regulatory commission. In *Smith v. Southern Bell Telephone & Telegraph Co.,* 268 Ky. 421, 104 S.W.2d 961, 963 (1937), plaintiff, circuit court clerk of Pike County, Kentucky, sued in Pike Circuit Court, to require defendant utility to furnish special type service to her public office in Pikeville. It was held that plaintiff's suit could not be maintained, in the circuit court for reason that the primary jurisdiction was in the PSC. The court stated:

> The court is of the opinion that *the primary jurisdiction and authority to fix rates, establish reasonable regulation of service, and to alter and make changes to said regulations and to make investigation as to any change in service as is sought by appellant in the case at bar, is exclusively and primarily in the commission,* but is subject, however, to review, ... (Emphasis added).

In *Louisville Gas & Electric Co. v. Dulworth,* 279 Ky. 309, 130 S.W.2d 753, 755 (1939), the plaintiff-customer sued the utility in Jefferson Circuit Court seeking a mandatory injunction requiring defendant to restore electrical service to him. The customer's service had been disconnected by the utility upon its belief that customer had been interferring with the proper metering of electricity used. The utility questioned the jurisdiction of the circuit court citing *Smith, supra,* in maintaining that jurisdiction lay in the PSC. The court rejected the utility's argument and distinguished *Smith,* in holding that the action could be maintained in circuit court. The *Dulworth* court in holding the circuit court and not the PSC had jurisdiction of a suit to require the utility to restore service to a customer, had this to say:

> It is our conclusion that the public utility commission act does confer upon the pub-

*lic utilities commission of Kentucky primary jurisdiction over public utilities with respect to tolls, schedules, rates, charges, service, etc., generally, but that it does not expressly nor by inference or implication vest the commission with exclusive jurisdiction on complaint made by an individual in cases of this character.* (Emphasis added).

The case of *Benzinger, Police Judge v. Union Light, Heat & Power Co.,* 293 Ky. 747, 170 S.W.2d 38 (1943), has some relevancy. The City of Covington was involved in a conflict with the utility over the city's requirement that utility wires be placed underground. It was held that the court and not the PSC had jurisdiction to resolve the matter. In the course of the opinion, the court stated that matters relating to the "quality" or "quantity" of a utilities' finished product when brought into controversy by a customer lay within the exclusive jurisdiction of the commission but matters such as the one in controversy therein were within the jurisdiction of the court.

In *Bee's Old Reliable Shows, Inc. v. Kentucky Power Company, Inc.,* Ky., 334 S.W.2d 765, 767 (1960), a roving carnival show had contracted with the utility to furnish electric power during its show in Greenup, Kentucky. The carnival disputed the reasonableness of the utilities' bill for installation, removal, connecting and disconnecting the service. The carnival first applied to the PSC for relief from the inordinate charges. The PSC offered no relief. The carnival then sued in Boyd Circuit Court. The circuit court dismissed for lack of jurisdiction. On appeal the matter was reversed. The appellate court, citing both *Smith* and *Dulworth, supra,* held that the circuit court did indeed have jurisdiction. The court stated:

*Although the Public Service Commission has jurisdiction over questions concerning rates and services generally, nevertheless, when a question arises which is peculiar to the individual complainant, the courts will assume jurisdiction and hear the matter.* Here no question is raised concerning rates charged for regular service.

The problem presented is the charge made for connecting and disconnecting such service. The appellant, by the very nature of its business, remains in one location for only a short period of time before moving to another location. Thus the connection charge is a recurring one to appellant. The usual subscriber does not make sporadic use of power service, and, consequently, connection charges are of little concern to him. *These parties have entered into a contract for service, which, obviously, is not akin to the usual service rendered to the public generally. The contract here is of private concern to these parties. Under the circumstances, jurisdiction is not exclusive with the Public Service Commission, and the case should be submitted to the court.* (Emphasis added).

In examining the foregoing authority in light of Carr's complaint we are led to believe that the relief sought divides itself between the jurisdiction of the PSC and the court. Carr's demand that Bell furnish him with a Kenton County number and tariff-free service in that exchange clearly lies within the exclusive jurisdiction of the PSC. KRS 278.040(2). It has to do with the type and quality of service. We believe the rule of *Smith* and *Benzinger, supra,* require such. If Carr is to contest the validity of Bell's policy (or regulation) concerning the assignment of exchange areas based upon the "primary entrance" test, it must be done through the PSC. KRS 278.260. From the regulatory commission there is ample relief by judicial review. KRS 278.-410.

However, appellant seeks damages for breach of contract. Nowhere in Chapter 278 do we find a delegation of power to the PSC to adjudicate contract claims for unliquidated damages. Nor would it be reasonable to infer that the Commission is so empowered or equipped to handle such claims consistent with constitutional requirement. Kentucky Constitution § 14.

Although, in the absence of invalidation of the "primary entrance" test which must be done if at all in the PSC forum, we see

difficulty in appellant's ability to prove damages for breach of contract, we nevertheless feel that all precedent considered he is entitled to his day in court upon the contract claim. The complaint states facts which if proven entitle him to money damages. CR 8.01.

For the foregoing reasons, so much of the circuit court's decision as dismissed the claim for mandatory injunctive relief is affirmed, and the portion which dismissed the claim for breach of contract is reversed and remanded for further proceedings consistent with this opinion.

All concur.