COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS; and Dave Byers, District General Manager for District 8 of the Department of Transportation, Bureau of Highways, who has been replaced by Leroy Brown, Chief District Engineer for District 8 of the Department of Transportation, Bureau of Highways, Appellants,

v.

TRI–STATE POSTER ADVERTISING COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1985.

William S. Dean, Dept. of Highways, Somerset, for appellants.

Charles C. Adams, Adams & Adams, Somerset, for appellee.

Before LESTER, MILLER and REYNOLDS, JJ.

MILLER, Judge.

Appellants, the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways (Highway Department) and Leroy Brown, Chief District Engineer for District 8, appeal an order of the Rockcastle Circuit Court permanently enjoining the Highway Department from removing a billboard erected and maintained by appellee, Tri-State Poster Advertising Company (Tri-State), in violation of the Kentucky Billboard Act. KRS 177.830–.890.

KRS 177.841, as enacted in 1976,[1] provides in relevant part as follows:

> 177.841. BILLBOARD ADVERTISING PROHIBITED—EXCEPTIONS.—(1) Except as otherwise provided in KRS 177.-830 to 177.890, the erection or maintenance of any advertising device upon or within six hundred and sixty (660) feet of the right of way of any interstate highway or federal aid primary highway is prohibited.

The sign which is the subject of this litigation was erected 628.72 feet from the right-of-way of Interstate 75 in 1970. Maurice Henry, a former owner of Tri-State, testified that after making suitable arrangements to lease the property upon which the sign is located and after making preliminary measurements, he contacted an employee (whose name he could not recall) of the Highway Department at its Somerset office to determine whether the proposed location was proper. A subsequent conversation with another unnamed employee in the Somerset office revealed that the proposed location was not satisfactory. Maurice testified he was advised that he would have to erect the sign farther away. James Ballard, current owner of Tri-State, testified that he was present with Maurice and several Tri-State employees the day work began for the erection of the sign. He testified two Highway Department employees (whose names he could not recall) met them at the site and advised them where to locate the sign.

Ballard received notices from the Highway Department in 1973, 1976 and 1980 advising him the Tri-State sign was erected illegally. In July 1980, an attorney for the Highway Department notified Ballard the department was going to dismantle the sign. Tri-State filed a complaint in the Rockcastle Circuit Court on July 7, 1980, and a permanent injunction against the Highway Department was entered on September 21, 1984. Appellants argue (1) the circuit court incorrectly applied the doctrine of estoppel against the state, and (2) erred in refusing to order Tri-State to dismantle a billboard erected and maintained in violation of KRS 177.841 which constitutes a public nuisance. KRS 177.870. Appellee asserts (1) the trial court's findings of fact and conclusions of law do not rest upon an estoppel theory but are based upon a finding that Tri-State has substantially complied with the statutory requirements, (2) prosecution for a violation of the statute is barred by the statute of limitations, and (3) KRS 177.841 violates the First Amendment to the U.S. Constitution. We shall discuss the matters simultaneously.

The decision in Tri-State's action did not rest solely upon estoppel, but upon the doctrine of "substantial compliance" as well. The trial court found that since the Highway Department has assisted in erect-

---

**1.** This provision replaces KRS 177.840 which was enacted in 1960 and repealed in 1976.

ing the sign and had acquiesced in its location, and that the sign was only 31.78 feet short of the required setback line, the same constituted a substantial compliance with the statute.

 The constitutionality of KRS 177.-841 was not raised below and therefore is not subject to review. *See Carr v. Cincinnati Bell, Inc.*, Ky.App., 651 S.W.2d 126 (1983); CR 24.03. The statute of limitations presents no bar to the dismantling of the billboard. The maintenance of the billboard is a continuing nuisance. Upon reviewing the record, it appears to us that the sole significant question presented by this appeal is whether, as a matter of law, the erection of a billboard in substantial compliance with the setback requirement is permissible. The facts are not in dispute. The question is whether or not the doctrine of "substantial compliance" obtains so as

to prevent the removal of a billboard which, to some minor extent, falls short of the setback requirements. No authority is cited in support of this proposition and, in fact, *Commonwealth of Kentucky, Department of Transportation v. Central Kentucky Angus Association*, Ky.App., 555 S.W.2d 627 (1977), indicates that strict compliance with the 660-foot setback line is required.

For the foregoing reasons, the judgment of the Rockcastle Circuit Court is reversed.

All concur.