BULLDOG'S ENTERPRISES, INC.,
d/b/a Bulldog's Roadhouse,
Appellant

v.

DUKE ENERGY, d/b/a Duke Energy
of Kentucky, Inc., Appellee.

No. 2012–CA–001388–MR.

Court of Appeals of Kentucky.

Sept. 27, 2013.

Eric C. Deters, Independence, KY, for appellant.

Gary J. Sergent, Covington, KY, for appellee.

Before LAMBERT, TAYLOR, and VANMETER, Judges.

*OPINION*

LAMBERT, Judge:

Bulldog's Enterprises, Inc., d/b/a Bulldog's Roadhouse (hereinafter "Bulldog's"), appeals from the July 9, 2012, order of the Kenton Circuit Court that dismissed its case for lack of subject matter jurisdiction, holding that the Public Service Commission (hereinafter "PSC") has exclusive jurisdiction over the issue central to each of the claims raised by Bulldog's and that Bulldog's failed to exhaust its administrative remedies. We have carefully considered the record and the parties' arguments, and finding no error as a matter of law, we affirm the circuit court's decision.

On October 15, 2010, Bulldog's filed a complaint with the PSC alleging fraud,

breach of contract, breach of good faith and fair dealing, unjust enrichment, and violations of the Consumer Protection Act by Duke Energy.[1] Each claim rested on the assertion that Duke Energy had engaged in improper billing practices that led to Bulldog's, and potential class members, being overcharged for service. The complaint sought class action certification, a jury trial, and damages. The PSC, in an order dated November 15, 2010, instructed that it had exclusive jurisdiction over the "underlying claim of improper billing," but did not have the authority to certify the class, hold a jury trial, or award damages.

On February 1, 2011, while the matter was still pending before the PSC, Bulldog's filed a second action in Kenton Circuit Court. Meanwhile, Bulldog's filed a motion to dismiss the PSC action. On June 17, 2011, the PSC declined to dismiss the case and determined, once again, that it had jurisdiction over the underlying issue of the case. Duke Energy then filed a motion to dismiss the circuit court case for lack of jurisdiction, but the case was ordered to be held in abeyance. On March 20, 2012, the PSC dismissed the case because Bulldog's failed to prosecute its claim and comply with the PSC's discovery order. The circuit court case, no longer in abeyance, was ultimately dismissed for lack of subject matter jurisdiction. This appeal follows.

On appeal, Bulldog's contends that it exhausted its administrative remedies and that the PSC did not have jurisdiction over its causes of action for fraud, breach of contract, breach of the covenant of good faith and fair dealing, violations of the Kentucky Consumer Protection Act, and unjust enrichment. Our review of a circuit court's determination regarding jurisdiction is *de novo*. *Uninsured Employers' Fund v. Bradley*, 244 S.W.3d 741, 744 (Ky. App.2007), citing *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004).

■ The PSC has exclusive jurisdiction "over the regulation of rates and services of utilities[.]" Kentucky Revised Statute (KRS) 278.040(2). The PSC also has original jurisdiction "over complaints as to rates or service of any utility[.]" KRS 278.260(1). When determining whether the PSC has exclusive jurisdiction over an issue, it is helpful to consider why the legislature chose to grant the PSC jurisdiction over this area. In *Smith v. Southern Bell Tel. & Tel. Co.*, 268 Ky. 421, 104 S.W.2d 961, 962 (1937), the former Court of Appeals explained:

The Public Service Commission is an administrative agency set up and appointed by law for the purpose of hearing the facts and establishing reasonable rules, rates, and services to the public in order to secure conformity of services and rates affecting all classes of customers, because for this burden to fall exclusively on the courts and to give the courts the primary and exclusive jurisdiction to pass upon the reasonableness of the rules, services, rates, schedules, practices, etc., of [utility] companies would lead to confusion and uncertainty, because the result might be that one court would say that certain rules and regulations are unreasonable, and another court might regard the same rules as reasonable; consequently, a subscriber of the same class in one locality might obtain one kind of service and the same service be denied a subscriber in another place.

Only "where a matter complained of is one of purely private concern between the util-

1. Bulldog's filed a complaint in Kenton Circuit Court on August 3, 2010. Duke Energy filed an answer on August 27, 2010, followed by a motion by Bulldog's to voluntarily dismiss the case pursuant to Kentucky Rule of Civil Procedure (CR) 41.01(1). Despite the fact that the answer had already been filed, the case was dismissed.

ity and one of its patrons, [do] courts have jurisdiction to hear and determine the controversy." *Bee's Old Reliable Shows, Inc. v. Kentucky Power Co.*, 334 S.W.2d 765, 766 (Ky.1960), citing *Louisville Gas & Elec. Co. v. Dulworth*, 279 Ky. 309, 130 S.W.2d 753, 755 (1939), and *Central States Power & Light Corp. v. Thompson*, 177 Okla. 310, 58 P.2d 868, 869 (1936). The distinction lies in the nature of the claim itself. *Bee's Old Reliable Shows*, 334 S.W.2d at 767. Questions regarding rates and services remain within the jurisdiction of the PSC. *Id.* However, claims unique to a particular individual appear to fall within the purview of the circuit court. *Id.* The Court noted that no question regarding rates charged for regular services was raised and that the issue involved a unique and private contract between the provider and a particular customer. *Id.*

■ Another administrative law principle applicable to this case is the exhaustion of administrative remedies. When administrative remedies exist, they must be exhausted before further relief may be sought: "[P]roper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter." *Bd. of Regents of Murray State Univ. v. Curris*, 620 S.W.2d 322, 323 (Ky.App.1981).

■ With these concepts in mind, we turn to the assertion by Bulldog's that the circuit court may still exercise jurisdiction over its claim. The claims asserted by Bulldog's center on its allegation that Duke Energy engages in systematic, fraudulent billing practices by implementing dysfunctional meters. Bulldog's states that this practice is affecting "thousands" of customers nationwide. As a result of these practices, Bulldog's asserted claims, on behalf of itself and the class, for breach of contract, fraud, unjust enrichment,

breach of good faith and fair dealing, and violations of KRS 367.170. While the PSC instructed that it was without jurisdiction to award the relief sought by Bulldog's, including certification for a class action, it acted with primary and exclusive jurisdiction over the underlying billing issue. The underlying billing issue is central to the claims asserted by Bulldog's in circuit court. Allowing the circuit court to resolve these issues would go against the very intent of the legislature in granting jurisdiction to the PSC. *See Smith*, 104 S.W.2d at 962. Moreover, such a result would provide a means for circumventing a determination by the PSC on issues exclusively within its jurisdiction.

In addition to attempting to usurp the authority of the PSC by failing to comply with the PSC's discovery order and by failing to prosecute its claim with the agency, Bulldog's failed to exhaust its administrative remedies by bringing an action against the PSC in Franklin Circuit Court to dispute the order of dismissal. *See* KRS 278.410. Because of the dereliction on the part of Bulldog's, the billing issue was not resolved with the PSC. The failure by Bulldog's to comply with the discovery order of the PSC, and its subsequent failure to appeal the PSC's dismissal of the case, resulted in its inability to continue the circuit court action. Allowing Bulldog's to bring its case before the circuit court in the present action would usurp the PSC's exclusive jurisdiction to resolve billing issues. According, the circuit court properly dismissed the action for lack of subject matter jurisdiction.

For the foregoing reasons, the Kenton Circuit Court's order dismissing the action is affirmed.

ALL CONCUR.